**Beck v. Weitzenhoffer**

*William A. Fetterhoff,* for plaintiff.
*Robert G. Radebach,* for defendant.

·DOWLING, *J.,* November 4, 1988—The issue before us is whether an appeal from a district justice's decision should be reinstated when the appellant has failed to file proof of service of the notice of appeal with the prothonotary within the prescribed period, but the appellee has actual notice of the appeal?

The older cases strictly construed the requirement that proof of service be filed with the prothonotary within five days. Pa.R.C.P.D.J. 1005(B). See *Voynik v. Davidson,* 69 D.&C.2d 267 (1975); *Morin et al. v. H&L Development Co.,* 25 Bucks L. Rep. 108 (1974), *Cluck v. Geigley,* 58 D.&C.2d 429 (1972). The courts would routinely allow appeals to be stricken for failure to comply with rule 1005(B) and would reinstate them only under exceptional circumstances for good cause shown.

The more recent cases have taken a more liberal attitude and have overlooked the procedural defects in this type of case. In *Quarato v. Facelifters Ltd.,* 305 Pa. Super. 536, 451 A.2d 777 (1982), the court

reinstated an appeal in a case where the appellant claimed to attach a sender's receipt to his affidavit of service, when in fact, no such receipt was attached. The Supreme Court cited rule 126, Pa.R.C.P. which states that the rules are to be liberally construed "to secure the just, speedy and inexpensive determination" of cases and courts "may disregard any error or defect of procedure which does not affect the substantial rights of the parties." *Quarato, supra.*

Other cases have relied on the Pennsylvania Supreme Court decision in *Pomerantz v. Goldstein* in 479 Pa. 175, 387 A.2d 1280 (1978), which instructs courts to overlook procedural errors when a party has substantially complied with the rules. Citing *Pomerantz, supra,* the Mercer County Court of Common Pleas reinstated an appeal in which proof of service was filed one day late (*Seiple v. Pitterick,* 35 D.&C.3d 592 (1984)) and in a Cumberland County case Judge Bayley reinstated an appeal which had been stricken because the proof of service was filed three days late (*Berry v. Sheaffer,* 42 D.&C.3d 480 (1987)).

In the instant case, the appellant filed a timely notice of appeal and praecipe to enter a rule to file a complaint and served them on the appellee, but failed to file proof of service. At the time of filing of the appeal, appellant was not represented by counsel. The weight of authority of recent cases suggests that the appeal be reinstated.

Accordingly, we enter the following

## ORDER

And now, November 4, 1988, defendant's petition to reinstate appeal from district justice's judgment is hereby granted.