636 A.2d 1121

**Emma SLAUGHTER**

v.

**ALLIED HEATING, Appellant.**

Superior Court of Pennsylvania

Argued Sept. 14, 1993.

Filed Dec. 15, 1993.

Reargument Denied Feb. 17, 1994.

Meg L. Burkardt, Oakmont, for appellant.

Carl H. Brown, Jr., Pittsburgh, for appellee. (Submitted)

Before KELLY, POPOVICH and BROSKY, JJ.

BROSKY, Judge.

This is an appeal from the final order entered by the lower court which denied appellant's petition to reinstate its appeal

from the judgment entered by the district justice.[1] Appellant presents the following issues for review: (1) whether appellant's failure to technically comply with the requirements of Pa.R.C.P.D.J., Rule 1005B, 42 Pa.C.S.A. should be disregarded; (2) whether appellant substantially complied with the requirements of Pa.R.C.P.D.J., Rule 1005B, 42 Pa.C.S.A.; and (3) whether appellant's procedural noncompliance prejudiced appellee. For the reasons set forth below, we affirm.

Before proceeding to consider appellant's allegations of error, we will briefly recount the pertinent facts and procedural history giving rise to this appeal. Appellant, Allied Heating, contracted with Melvin Slaughter, Jr. to install a furnace in his residence. Mr. Slaughter was apparently dissatisfied with the performance of the furnace and the installation completed by appellant. For reasons which do not appear of record, Mr. Slaughter's sister, Emma Slaughter, filed a complaint against appellant with the district magistrate in which she sought to recover $4,000.00 plus costs. Appellant did not attend the hearing and a judgment in the sum of $4,037.00 was entered in favor of Miss Slaughter on November 4, 1992.

Appellant thereafter filed a timely notice of appeal from the judgment with the trial court. According to appellant, notices of the appeal were allegedly sent via regular mail to appellee, Emma Slaughter, and to the district justice.[2] No proofs of service were filed by appellant within the ten-day period specified by Rule 1005B of the Pennsylvania Rules of Civil Procedure for District Justices, 42 Pa.C.S.A. Although appellant had been unrepresented during the proceedings before

1. An order denying a motion to reinstate an appeal is a final order for purposes of appeal. *Anderson v. Centennial Homes, Inc.*, 406 Pa.Super. 513, 516 n. 2, 594 A.2d 737, 739 n. 2 (1991).

2. The rules governing appeals to the trial court do not provide for service by regular mail. Rather, Rule 1005A requires an appellant to serve a copy of the notice of appeal by personal service or by certified or registered mail. Pa.R.C.P.D.J., Rule 1005A, 42 Pa.C.S.A. There is nothing in the record indicating that appellant actually served the notice of appeal on appellee and the district; both appellee and the district justice informed the trial court that they did not receive the November notices allegedly mailed by appellant. Trial Court Opinion, dated 2/12/93, at 2–3 n. 1.

the district justice, appellant retained counsel in January, 1993. Counsel discovered that the proofs of service were absent from the record and promptly served appellee and the district justice with the notice of appeal on January 15, 1993. Proofs of service were then filed with the trial court. On January 19, 1993 appellee filed a praecipe to strike the appeal because of appellant's failure to comply with Rule 1005B. As a result, the prothonotary struck the appeal. Appellant filed an emergency petition to reinstate the appeal on January 28, 1993. Appellant's petition was denied by the lower court. Appellant thereafter initiated this timely appeal.[3]

■ As all of the issues raised by appellant are inextricably intertwined, they will be addressed together.[4] Appellant essentially challenges the trial court's refusal to reinstate the appeal from the judgment entered by the district justice. Pursuant to Rule 1006, the trial court may reinstate an appeal which has been stricken "upon good cause shown." Pa. R.C.P.D.J., Rule 1006, 42 Pa.C.S.A. While the phrase "good cause shown" has not been precisely defined, this court has interpreted it to require an appealing party to proffer some legally sufficient reason for reinstating the appeal. *Anderson v. Centennial Homes, Inc.,* 406 Pa.Super. 513, 517, 594 A.2d 737, 739 (1991). "[T]he determination of whether good cause has been demonstrated is trusted to the trial court's sound discretion." *Id.*

■ As applied here, appellant admits that the proofs of service were not filed within the time period specified by Pa.R.C.P.D.J., Rule 1005B, 42 Pa.C.S.A., but nevertheless argues that its noncompliance should be disregarded pursuant to Pa.R.C.P., Rule 126, 42 Pa.C.S.A. Appellant refers us to several decisions issued by this court as well as the courts of common pleas which have found sufficient good cause to

3. Appellee has neither filed a brief nor otherwise advised us of her position in these proceedings.

4. The three claims raised by appellant do not actually represent three distinct questions for review. Rather, appellant has presented us with three arguments as to why its appeal from the district justice's judgment should be reinstated.

reinstate stricken appeals even though the technical require-
ments of the rules were not fully satisfied.[5]  *See, e.g., Del-
Verme v. Pavlinsky,* 405 Pa.Super. 443, 450, 592 A.2d 746, 749
(1991) (plaintiff's failure to comply with Rule 1004A was
disregarded where the notice of appeal was timely filed and
served on the defendants and the district justice, and no
prejudice resulted to the defendants); *Quarato v. Facelifters,
Ltd.,* 305 Pa.Super. 536, 538–539, 451 A.2d 777, 778 (1982)
(defendant's failure to comply with Rule 1005B was disregard-
ed where the defendant failed to timely file the proofs of
service but there was evidence that the plaintiff had received
actual notice of the appeal within the requisite time period);
*Katsantonis v. Freels,* 277 Pa.Super. 294, 295–296, 419 A.2d
778, 779–780 (1980) (*per curiam* ) (good cause for reinstating
the appeal was shown where the defendant's counsel promptly
mailed the proofs of service to the prothonotary as soon as
they were received and the proofs were filed on the sixth
rather than the fifth day after the notice of appeal was filed);
*Beck v. Weitzenhoffer,* 49 Pa. D. & C.3d 112, 114 (C.C.P.
Dauphin County 1988) (failure to timely file proofs of service
was disregarded where the notice of appeal was timely filed
and served upon the opposing party and good cause for the
noncompliance was shown); *Felker v. Seashock,* 47 Pa. D. &
C.3d 126, 127–129 (C.C.P. Monroe County 1987) (failure to
serve the notice of appeal on the adverse party and the district
justice until seventeen days after the notice of appeal was filed
was disregarded where good cause for the noncompliance was
shown); *Seiple v. Pitterich,* 35 Pa. D. & C.3d 592, 596–597
(C.C.P. Mercer County 1984) (failure to timely file the proofs
of service was disregarded where the notice of appeal was
timely filed and served and good cause for the noncompliance
was shown).  While appellant's interpretation of the above

5.  Appellant, represented by the same counsel, previously appeared
before this court in *Allied Heating & Cooling, Inc. v. Reeves,* 413
Pa.Super. 650, 596 A.2d 248 (1991), No. 1180 Pittsburgh 1990 (filed
June 11, 1991).  Although *Allied v. Reeves* presented essentially the
same issue as that raised in the instant appeal, we note that Allied took
the opposite position in that case and argued that the rules of procedure
should be strictly construed and that the failure to comply with the
rules should not be disregarded.  *Id.,* unpublished memorandum at 4.

authorities is indeed correct, we find these decisions to be factually distinguishable from the case *sub judice.*

Nearly all of the cases cited by appellant indicate that the appealing party timely served the notice of appeal upon both the opposing party and the district justice and had merely failed to timely file their proofs of service or their complaint. *See, e.g., DelVerme v. Pavlinsky,* 405 Pa.Super. at 445 and 450, 592 A.2d at 747 and 749; *Quarato v. Facelifters, Ltd.,* 305 Pa.Super. at 537–539, 451 A.2d at 778; *Katsantonis v. Freels,* 277 Pa.Super. at 295–296, 419 A.2d at 779; *Beck v. Weitzenhoffer,* 49 Pa.D. & C.3d at 114; *Seiple v. Pitterich,* 35 Pa.D. & C.3d at 593, *supra. But see Felker v. Seashock,* 47 Pa.D. & C.3d at 127 (in which the notice of appeal was not served upon the opposing party until seventeen days after it had been filed). This distinction is significant when it is considered in light of the essential purposes of Rule 1005, which is to prevent parties from appealing from an adverse judgment of a district justice and then delaying the case by failing to timely notify the non-appealing party. *Berry v. Sheaffer,* 42 Pa.D. & C.3d 480, 483 (C.C.P. Cumberland County 1987). The rule also ensures that the district justice will be notified as the notice of appeal may act as a supersedeas, and thus, may affect the prevailing party's attempt to execute on the judgment. *See* Note, Pa.R.C.P.D.J., Rule 1005, 42 Pa.C.S.A. and *Berry v. Sheaffer, supra.* The requirements of Rule 1005 further promote the speedy, orderly and just determination of the appeal and eliminate any dispute as to whether service was actually made. *Hyde v. Crigler,* 133 Pittsburgh Legal Journal 270, 271, 10 Pa.D. & C.3d 769, 773 (C.C.P. Allegheny County 1979). *Accord Wander v. National Development Corp.,* 139 Pittsburgh Legal Journal 369, 370, 12 Pa.D. & C.4th 627, 628–629 (C.C.P. Allegheny 1991). Where the notice of appeal is timely filed and served upon the non-appealing party and the district justice, the intent underlying the rule has been fulfilled and no further purpose remains to be served by penalizing the appealing party for failing to timely file the proofs of service. *See Wander v. National Development Corp.,* 139 Pittsburgh Legal Journal at 370, 12 Pa.D. & C.4th

at 628–629; *Berry v. Sheaffer,* 42 Pa.D. & C.3d at 484; *Hyde v. Crigler,* 133 Pittsburgh Legal Journal at 271–272, 10 Pa.D. & C.3d at 774. Consequently, the mere failure to file the proofs of service in a timely manner will be disregarded where it is clear that the opposing party has received notice of the appeal and that the purpose of the rules has been satisfied. *See Wander v. National Development Corp., Beck v. Weitzenhoffer, Berry v. Sheaffer, Seiple v. Pitterich* and *Hyde v. Crigler, supra.*

Unlike the situations presented in the authorities cited by appellant, the record in this case is devoid of any evidence, aside from appellant's own unsupported allegations, that appellee and the district justice were actually served with the notice of appeal prior to January 15, 1993 when they were served with the notice by appellant's counsel. In fact, both appellee and the district justice deny receiving the notice of appeal before January 15.[6] *See* Trial Court Opinion, dated 2/12/93 at 2–3 n. 1. Under these circumstances, the decisions which disregard a technical failure to timely file the proofs of service are distinguishable from this case.[7]

**6.** Appellee's lack of notice of the appeal prior to January 15 is further supported by the fact that she did not file a praecipe to strike the appeal until January 19, 1993.

**7.** In reaching this conclusion, we are not unmindful of the holdings in *Felker v. Seashock, supra* as well as this court's decision in *Allied v. Reeves, ante* at n. 5 in which the appealing party's failure to comply with Rule 1005 was disregarded even though the notice of appeal was not served upon the opposing party within the five-day period after the notice was filed with the court. *See Felker v. Seashock* and *Allied v. Reeves, supra.* However, neither of these decisions constitute binding precedent. *See NPW Medical Center of N.E. Pennsylvania v. LS Design Group, P.C.,* 353 Pa.Super. 341, 347 n. 4, 509 A.2d 1306, 1309 n. 4 (1986) and *Turner v. May Corp.,* 285 Pa.Super. 241, 252 n. 7, 427 A.2d 203, 208 n. 7 (1981). More importantly, both *Felker* and *Allied* are distinguishable from this case in that both involved the service of the notice of appeal within a relatively short period of time after the notice of appeal was filed. *See Felker v. Seashock,* 47 Pa.D. & C.3d at 127 (notice of appeal was served seventeen (17) days after it was filed with the court) and *Allied v. Reeves,* unpublished memorandum at 5–6 (notice of appeal was served twenty-eight (28) days after it was filed with the court). By way of contrast, fifty-eight (58) days elapsed between the filing of the notice of appeal and actual service of the notice in this case. Although the ten-day rule is flexible and is to be liberally construed, we do not believe that an appealing party should be

■ Appellant acknowledges the distinction between the facts presented here and the decisions upon which it relies. Appellant nevertheless contends that Pa.R.C.P., Rule 126, 42 Pa.C.S.A. compelled the trial court to disregard the procedural defects. Notwithstanding appellant's assessment, Rule 126 does not *require* the trial court to disregard procedural defects; rather, it *permits* the trial court, in the exercise of its discretion, to do so where the substantive rights of the opposing party have not been prejudiced. *Anderson v. Centennial Homes, Inc.*, 406 Pa.Super. at 518, 594 A.2d at 739. In the context of this particular case, however, the trial court must additionally consider whether appellant has demonstrated good cause for reinstating the appeal in determining whether to disregard appellant's failure to comply with the rules. *See id.*, 406 Pa.Super. at 516–517, 594 A.2d at 739–740 and Pa. R.C.P.D.J., Rule 1006, 42 Pa.C.S.A. and Note thereto (providing that the trial court may reinstate an appeal upon good cause shown; the note further indicates that this rule was intended to provide sanctions for failing to act within the prescribed time limits). Appellant has not satisfied the good cause requirement here.

■ In its petition to reinstate the appeal, the sole reason offered by appellant to explain its noncompliance was that it neglected to file the proofs of service due to inadvertent error.[8] Appellant's Emergency Petition to Reinstate Appeal,

permitted to indefinitely extend the time for serving the notice of appeal so as to frustrate the purposes of the rule. *Felker* is further distinguishable because the appealing party in that case demonstrated good cause for reinstating the appeal. Unlike the appealing party in *Felker*, the appellant here has not offered sufficient explanation for its noncompliance. We are also unpersuaded by the reasoning set forth in *Allied* since the court therein focused exclusively upon the question of whether the non-appealing party's rights would be prejudiced and failed to consider whether the appealing party had established good cause for reinstating the appeal as required by Pa.R.C.P.D.J., Rule 1006, 42 Pa.C.S.A.

8. Appellant's claim of "inadvertent error" is puzzling as it implies that appellant possessed the proofs of service and simply failed to timely file them with the trial court. However, such an inference is negated by the fact that appellant has not presented any sender's receipts demonstrating that copies of the notice of appeal were mailed to appellee and

dated 1/28/93 at paragraph 5. However, an unspecific allegation that the failure to comply with Rule 1005B was attributable to "inadvertent error" is insufficient to show good cause. *See Wander v. National Development Corp.,* 139 Pittsburgh Legal Journal at 369, 12 Pa.D. & C.4th at 628. Appellant does not pursue its assertion of inadvertent error on appeal. Instead, appellant provides us with no explanation for its noncompliance aside from a vague reference to the fact that it was unrepresented by counsel at the time the notice of appeal was filed. It is well settled that an individual who chooses to proceed *pro se* is not entitled to any particular advantage because of his or her lack of legal training. *O'Neill v. Checker Motors Corp.,* 389 Pa.Super. 430, 434, 567 A.2d 680, 682 (1989). As our Supreme Court has explained, an individual choosing to represent him- or her-self must, to some reasonable extent, assume the risk that the lack of expertise and legal training will prove his or her undoing. *Vann v. Commonwealth, Unemployment Compensation Board of Review,* 508 Pa. 139, 149, 494 A.2d 1081, 1086 (1985). *Accord O'Neill v. Checker Motors Corp.* Appellant's *pro se* status, without more, thus does not establish good cause.

Although appellant offers no justification for its failure to comply with the rules, appellant asserts that the noncompliance nonetheless should be disregarded because appellee has suffered no prejudice. As recognized by this court, "simply stating that the . . . noncompliance did not substantially affect the rights of the [adverse party] is not alone sufficient to demonstrate good cause to reinstate the appeal." *Anderson v. Centennial Homes, Inc.,* 406 Pa.Super. at 518, 594 A.2d at 740. Because appellant has substantially failed to comply with the procedural rules for perfecting an appeal from a judgment entered by a district justice and because appellant has failed to show good cause for its procedural noncompliance, we are

the district justice on or about November 18, 1992. *See* Pa.R.C.P.D.J., Rule 1001(9) and Note to Rule 1005, 42 Pa.C.S.A. (defining proof of service and requiring a sender's receipt to be attached to the proof of service where service is made by mail). In the absence of such evidence, we are unable to ascertain how the failure to file the proofs of service was inadvertent since there is no indication that appellant had obtained the proofs of service at the time the notice of appeal was filed.

unable to conclude that the trial court abused its discretion by refusing to reinstate the appeal in this case. We therefore affirm the order entered by the trial court.

Order affirmed.

POPOVICH, J., files a dissenting opinion.

POPOVICH, Judge, dissenting:

While I recognize the majority's resolution of this case complies with the Pennsylvania Rules of Civil Procedure for District Justices, I write separately to express concern over the draconian penalty which appellant must endure for its relatively minor violation of the Pa.R.C.P.D.J., Rule 1005B. I believe that striking appellant's appeal is a harsh result where the brief delay in service of the notice of appeal has not prejudiced appellee. Accordingly, I dissent and would reinstate the appeal.

I note that civil actions before the district justice are routinely litigated by lay citizens of this Commonwealth who are not learned in the law and the applicable rules of civil procedure. Thus, I believe that when ruling upon violations of the rules of civil procedure of our own "people's court", we should liberally construe the rules and "disregard any error or defect or procedure which does not affect the substantial rights of the parties." See, Pa.R.C.P. Rule 126.

Instantly, appellant timely filed its notice of appeal with the prothonotary of Allegheny County on November 11, 1992. Pa.R.C.P.D.J. Rule 1002. Although it claims to have served appellee and the district justice by first class mail in a timely manner, both appellee and the district justice deny receiving notice until January of 1993, well after the ten-day time limit imposed by Rule 1005B. Rule 1005A requires the appellant to serve the appellee and district justice via personal service or certified or registered mail which appellant did on January 15, 1993, when legal counsel was retained.

If an appellant demonstrates "good cause" why it neglected to comply with Rule 1005B, the lower court may reinstate appellant's appeal. Pa.R.C.P.D.J. Rule 1006. It is my opinion

that the definition of "good cause" should be liberally construed, and encompass appellant's "inadvertent error" in allegedly attempting to serve the proofs via first class mail rather than certified mail or personal service, especially where the delay in actual service of less than two months has not resulted in prejudice to appellee.

I am aware that such an interpretation of "good cause" would greatly expand its definition. However, I believe it is necessary to insure that ordinary citizens without the assistance of lawyers are able to secure adjudication of their disputes, despite insignificant, non-prejudicial deviations from the procedural rules.