## Lattimore Development Associates v. Wiss

*Jan S. Lokuta,* for plaintiff.
*John H. Klemeyer,* for defendants.

THOMSON, *P.J.* August 19, 1994—This case arises out of an appeal by the defendants, Tom and Jean Wiss, Uri Brinbaum, Robert and Florence Cassidy, and Bernard and Rochelle Donefer, of this court's order entered on May 12, 1994, denying defendants' motion to open judgment and reinstate appeal from an adverse judgment entered by the district justice.

The order denying their petition to open judgment and reinstate appeal was duly appealed, and by our

order of June 9, 1994, we directed the defendants to file a concise statement of matters complained of on appeal. In response, the defendants submitted the required statement. The defendants' statement alleges two errors on the part of the trial court. First, that defendants' failure to rule plaintiff to file complaint was insufficient grounds to strike an otherwise timely appeal. Second, that we should have found good cause to reinstate defendants' appeal.[1]

Before proceeding to appellants' allegations of error, we will briefly recount the relevant facts and procedural history giving rise to this appeal.

A hearing was scheduled before District Justice Gudrun Quinn. Defendants failed to appear at the hearing, and Justice Quinn entered judgment December 21, 1993 in favor of the plaintiff, Lattimore Development Associates. On January 11, 1994, the defendants filed a notice of appeal for a trial de novo before this court. On January 14, 1994, a proof of service of the notice of appeal was filed. For the reasons that follow, it was not accompanied with a proof of service of a rule to file a complaint upon appellee. Thereafter, on February 4, 1994, the plaintiff filed a motion to strike the appeal for failure to comply with the Pennsylvania Rules of Civil Procedure for District Justices. On the same day, upon praecipe of the plaintiff, the Prothonotary of Pike County struck defendants' appeal. On March 11, 1994, defendants filed their motion to open judgment and reinstate appeal. Despite defendants' contention that the prothonotary had no authority to strike their appeal, and that plaintiff or counsel misrepresented the nature of the record to induce the prothonotary to so act, the

---

1. Although these four cases have not been consolidated on appeal, inasmuch as they are factually identical and rest on the same legal issues, we have combined them for purposes of this opinion in the interest of judicial economy.

striking of the appeal by the prothonotary was proper. The prothonotary's act was administrative, not discretionary. Pursuant to Rule 1006 of the District Justice Rules, "... the prothonotary shall, upon praecipe of the appellee, mark the appeal stricken from the record." Pa.R.C.P.D.J. no. 1006.

The issues before us then are, first, whether defendants' failure to rule plaintiff to file the complaint within the time limits required by statute is grounds to strike an appeal that is timely filed, and secondly, whether the defendants showed good cause sufficient to reinstate the appeal.

As to the first issue, we believe the answer is found at Pa.R.C.P.D.J. no. 1005(B), wherein it states:

"The appellant shall file with the prothonotary proof of service of copies of his notice of appeal, and proof of service of a rule upon the appellee to file a complaint ... within 10 days after filing the notice of appeal."

The rule that provides sanctions for failing to comply with the time limits prescribed in Rule 1005(B) immediately follows. Therein it states:

"Upon failure of the appellant to comply with Rule 1004A or Rule 1005B, the prothonotary shall, upon praecipe of the appellee, mark the appeal stricken from the record. The court of common pleas may reinstate the appeal upon good cause shown." Pa.R.C.P.D.J. no. 1006.

Applying the preceding two rules, we found that the failure to file with the prothonotary *proof of service of a rule* upon the appellee to file a complaint was grounds to strike an appeal that was otherwise timely filed.[2] The defendants' notice of appeal had been filed on January 11, 1994. The proof of service of a rule

---

2. We believe that appellant has framed the issue wrongly. It is the failure to *file proof of service* of a rule upon appellee to file a complaint that is sanctionable, *not* the service of the rule, per se.

to file complaint should have been placed of record by January 21, 1994. The appellee waited until February 4, 1994, and then, citing disregard of the Pa.R.C.P.D.J., praeciped the prothonotary to strike appellant's appeal. Noting the violation of the 10 day requirement to file the rule, we believe the prothonotary's action was proper.

The second issue raised by the defendants in their concise statement of matters complained of on appeal is whether the defendants showed good cause to reinstate their appeal.

The court of common pleas *may* reinstate the appeal upon *good cause* shown. Pa.R.C.P.D.J. no. 1006. (emphasis added) "Good cause" is not defined in the rules governing district justice proceedings. Elsewhere, good cause has been interpreted to require an appealing party to proffer some substantial reason, one that is legally sufficient for reinstating the appeal. *Anderson v. Centennial Homes Inc.,* 406 Pa. Super. 513, 517, 594 A.2d 737, 739 (1991). "[T]he determination of whether good cause has been demonstrated is trusted to the trial court's sound discretion." See *State Farm Insurance Companies v. Swantner,* 406 Pa. Super. 235, 594 A.2d 316 (1991) (en banc).

We determined that good cause was lacking, and therefore denied reinstating the defendant's appeal. In making this determination, we relied upon two cases.

In *The City of Easton v. Marra,* 230 Pa. Super. 352, 326 A.2d 637 (1974), the appellant had similarly failed to file a rule upon the appellee to file a complaint as then-existing rules required. Justice of the Peace Rule 1004, subd. B. Appellant therein contended that the court below abused its discretion in refusing to reinstate the appeal. Appellants' good cause in *Marra* consisted of the appellant's belief that the proceedings were criminal in nature, and therefore, followed the appeal procedures for criminal violations set forth in

the *Minor Judiciary Court Appeals Act.*[3] Had the proceedings been criminal, appellant would have been in compliance with appeals procedure. The proceedings however, were civil, not criminal. Compliance with the criminal appeal procedure left him in noncompliance with the civil appeals procedure.

Despite his error in classification of the action, and the court even admitting that the municipal ordinance violated by the appellant was confusing and unsettled as to its status as civil or criminal, the court nonetheless held that the appellant's good faith error failed to establish the requisite good cause sufficient to open and reinstate the appeal.

In the case sub judice, there is even less of an allegation of good cause. In testimony proffered at the hearing, counsel for the appellant testified that his office staff had drawn up the documents incorrectly. He alleged that, on the appeal form, his staff had entered the plaintiffs as defendants and vice versa, which resulted in the failure to complete the rule to file complaint. It was not until after judgment had been entered against his clients that counsel for the defendants became aware of the error. This staff error constitutes appellants' sole assertion of good cause.

We believe that if an error with reference to an admittedly confusing and unsettled issue such as whether the violation of a municipal ordinance is classified as civil or criminal does not constitute good cause to open the judgment, the good cause in the instant case should be of even less effect.

We are further confirmed in our judgment by the recent case of *Slaughter v. Allied Heating,* 431 Pa. Super. 348, 636 A.2d 1121 (1993). Good cause put forth by the appellant in *Slaughter* is similar to that offered

3. *Minor Judiciary Court Appeals Act,* Act of December 2, 1968, P.L no. 355, §§3-6, 42 P.S. §§3003-3006.

in the instant case. There, the appellant submitted as the sole reason for failure to file proofs of service, "inadvertent error." The court in *Slaughter* found this reason insufficient and stated unequivocally "... an unspecific allegation that the failure to comply with Rule 1005B was attributable to 'inadvertent error' is insufficient to show good cause." *Id.* at 356, 636 A.2d at 1125. Also see *Wander v. National Development Corp.*, 139 Pittsburgh L.J. at 369, 12 D.&C.4th 627, 628 (1991). Under a similar rationale, we so held in the instant case.

Furthermore, it is worth noting that "... simply stating that the ... noncompliance did not substantially affect the rights of the (adverse party) is not alone sufficient to demonstrate good cause to reinstate the appeal." *Slaughter, supra* at 356, 636 A.2d at 1125, citing *Anderson v. Centennial Homes Inc., supra* at 518, 594 A.2d at 740.

Because appellant had failed to comply with the procedural roles for perfecting an appeal from a judgment entered by a district justice, and because the appellant failed to show good cause for its procedural noncompliance, we felt constrained to refuse to reinstate the appeal in this case.

Lastly, we would like to note that defendants filed with the prothonotary their notice of appeal on May 27, 1994. However, they failed to comply with Pa.R.A.P. 906(a)(2), in that they failed to serve upon this court copies of the notice of appeal. It was not until this court received notice of appeal docketing from the Superior Court of Pennsylvania, notice which was sent out on June 2, 1994, that we were made aware that an appeal had been made in this matter. Counsel for the appellant was then contacted, and it was only then that copies of the notice of appeal, docket sheet, order appealed from, order for transcript and affidavit of service were served upon the judge of this court.

Thereafter, our order of June 9, 1994 directed the defendant to file within 10 days a concise statement of matters complained of on appeal. That order also appeared to have been disregarded as the appellants' concise statement did not arrive at chambers within *one month* from the date of the order. The office of counsel for appellant was once again contacted. This court was informed that the concise statement had been sent directly to the Superior Court, thus violating Pa.R.A.P. 1925(b). Thereafter, on July 25, 1994, more than six weeks after the order was entered, appellant served the concise statement of matters complained of on appeal on the trial judge and filed a copy of record with the prothonotary of the lower court. Neither requirement had been complied with previously.[4]

Pursuant to the foregoing, we stand by our order entered on May 12, 1994, denying defendants' motion to open judgment and reinstate appeal.

_____

4. "A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of." Pa.R.A.P. 1925(b).