**Vargas v. O'Malley**

C.P. of Lackawanna County, no. 2004 CV 3858.

*Michael S. Melnick,* for plaintiff.
*Richard W. Yost* and *John M. Campbell,* for defendant.

MINORA, *J.,* November 29, 2006—

## I. INTRODUCTION

Currently before the court is the collective petition/motion of defendant, Dr. Miriam C. O'Malley, against plaintiff, Sandra Vargas, for sanctions for plaintiff's failure to produce an expert report/opinion in violation of Pa.R.C.P. 4003.5(b), Pa.R.C.P. 4019 and the court's order of March 23, 2006, as well as a motion for judgment as a matter of law pursuant to Pa.R.C.P. 1042.31(c) for failure to identify a qualified expert as per the Medical Care Availability and Reduction of Error Act. 40 P.S. §1303.101 et seq.

By way of further background, this case involves alleged dental malpractice committed on September 27, 2002 by the defendant when she negligently performed frenulum surgery causing plaintiff to require repeated surgical repair, multiple dental fittings and resultant prosthodontic services.

The gist of defendant's current motion is that plaintiff has not produced the requisite expert report substantiating negligence under the guidelines set forth by the Medical Care Availability and Reduction of Error Act.

40 P.S. §1301.101 et seq., the discovery deadlines set forth by the court, and the Rules of Civil Procedure set forth at Pa.R.C.P. 1042.1 et seq.

Since plaintiff has not produced the requisite expert report, the defendant claims she is entitled to summary judgment as a matter of law per Pa.R.C.P. 1042.31.

The matter has been thoroughly briefed and argued and is now ripe for disposition.

## II. ISSUES

Has the plaintiff failed to produce the requisite expert report necessary to prosecute her action for dental malpractice thus ultimately requiring the court to grant summary judgment as per Pa.R.C.P. 1042.31?

## III. DISCUSSION

Preliminarily, the defendant is asking the court to rule in her favor simply on a technical violation of local Lacka. Cty. R.C.P. 211(f) which states:

"[i]f any other party other than the moving party fails to timely file and serve his or her brief, that party *may* not be allowed to present oral argument and the court *may* take such other actions with respect to that party's position as it deems appropriate." (emphasis added)

Defendant should also take note that our local rules of construction indicate that our court "does not intend a result that is absurd, impossible of execution or *unreasonable.*" (emphasis added) See Lacka. Cty. R.C.P. 128(a).

This is in line with our long-standing practice of following Pa.R.C.P. 126 which states:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

Now we realize the plaintiff has been tardy in submitting its written submissions and has only recently submitted a further supplemental report of her expert, Dr. E. Charles Eckstein, dated August 14, 2006 and filed of record August 17, 2006.

But we have the discretion, in the interests of justice, to review Dr. Eckstein's collective reports in order to determine their admissibility under the Medical Care Availability and Reduction of Error Act. 40 P.S. §1301.101 et seq. See generally, *Slaughter v. Allied Heating,* 431 Pa. Super. 348, 636 A.2d 1121 (1993), *appeal denied,* 539 Pa. 669, 652 A.2d 839 (1994).

In addition to allowing plaintiff to participate in oral argument on August 7, 2006, we will exercise our discretion in stressing substance over form and consider all written submissions including Dr. Eckstein's latest supplemental report filed on August 17, 2006. See *Slaughter v. Allied Heating, supra.* After all, this matter has not yet been certified for trial so defendant cannot claim to be prejudiced by time.

Indeed, the filing of supplemental reports is a proper mechanism to assist in opposing summary judgment. See *Wolloch v. Aiken,* 572 Pa. 335, 815 A.2d 594 (2002); *Gerrow v. John Royle & Sons,* 572 Pa. 134, 813 A.2d 778 (2002).

As far as the timeliness of late submissions, the mere fact they are late or incomplete is not determinative of their preclusion. Since preclusion is tantamount to dismissal, we must balance five factors:

"(1) the nature and severity of the discovery violation;

"(2) the defaulting party's willfulness or bad faith;

"(3) prejudice to the opposing party;

"(4) the ability to cure the prejudice and;

"(5) the importance of the precluded evidence in light of the failure to comply." *Estate of Ghaner v. Bindi,* 779 A.2d 585, 589 (Pa. Super. 2001); see also, *McGovern v. Hospital Service Association of Northeastern Pennsylvania,* 785 A.2d 1012 (Pa. Super. 2001).

In addition to looking at the above five factors, the explanatory note to Pa.R.C.P. 1042.31(a) states in pertinent part:

"In ruling on the motion [for sanctions, summary judgment and preclusion] the court shall consider the complexity of the case, *the diligence of the parties in making and responding to discovery requests, and other relevant factors. A party who has proceeded with reasonable diligence shall be given a reasonable time in which to complete necessary discovery and produce an expert report.*" (emphasis added)

Even the explanatory note to Pa.R.C.P. 1042.31(a) states in pertinent part:

"a party who has acted diligently should not be required to produce expert reports *if discovery of significant information has not been completed because of difficulty obtaining discovery from other parties or third*

*persons or because of the complexity of the case."* (emphasis added)

In the case at hand, the plaintiff's expert witness, Dr. E. Charles Eckstein, clearly states that he needs the deposition testimony of defendant to fully complete his evaluation. (See Dr. Eckstein's letter of July 27, 2006—last two paragraphs.)

We are convinced that the defense is at least partially responsible for the delay and "stonewalling" of the deposition of defendant, Dr. O'Malley. The matter is not yet listed for trial, therefore no prejudice is in play. The plaintiff has at least secured preliminary reports which obviously need more discovery to finalize. The plaintiff has acted in good faith in securing a competent expert and his preclusion at this point would obviously be the death knell of plaintiff's case.[1]

In addition, Dr. Eckstein is certainly qualified to testify regarding frenectomies since he has personally performed this procedure 150 times. (See Dr. Eckstein's supplemental report of August 14, 2006.) See 40 P.S. §1303.512; *Smith v. Paoli Memorial Hospital,* 885 A.2d 1012 (Pa. Super. 2005).

Therefore, to grant defendant's motion for sanctions, preclusion and summary judgment based in large part on plaintiff's technical violation of rules with no resulting prejudice to defendant would fly in the face of the legal authorities cited above as well as this court's longstanding and equitable practice of stressing substance over form.

---

1. Preclusion is so harsh a penalty it deservedly bears higher judicial scrutiny. *Wallach v. Aiken, supra.*

Ultimately, we will deny defendant's petition/motion for sanctions/preclusion and summary judgment at this juncture but we also fashion an order which will move this matter to conclusion regarding the plaintiff's final expert report without prejudicing defendant's right to challenge same if such report still does not pass muster.

Such an order follows.

## ORDER

And now to wit, November 29, 2006, upon due consideration of the defendant's collective petition/motion for sanctions and judgment as a matter of law pursuant to Pa.R.C.P. 1042.31(c), the able arguments of counsel, the court's own independent research and in accordance with this memorandum, it is hereby ordered and decreed:

(1) Defendant's petition/motion for sanctions and judgment as a matter of law pursuant to Pa.R.C.P. 1042.31(c) is denied.

(2) Plaintiff and defendant are to cooperate and complete the deposition testimony of defendant, Dr. Miriam C. O'Malley within 60 days of this order.

(3) Plaintiff is to secure the final expert report of E. Charles Eckstein DMD within 60 days of securing the deposition transcript of defendant, Dr. Miriam C. O'Malley.

(4) The defendant is not prejudiced from challenging the substance of the final report of Dr. Eckstein, if appropriate.

(5) The parties are to proceed in a manner consistent with this memorandum and order.