# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Chandler P. Smith, | : | |
| Appellant | : | |
| | : | No. 550 C.D. 2015 |
| v. | : | Submitted: August 28, 2015 |
| | : | |
| Borough of Morrisville | : | |

BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
            HONORABLE ROBERT SIMPSON, Judge
            HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                    **FILED: October 23, 2015**

Chandler P. Smith (Smith), representing himself, appeals an order of the Court of Common Pleas of Bucks County[1] (trial court) that denied his petition to reinstate his appeal from a dismissal entered by a magisterial district judge. Smith contends the trial court abused its discretion because he asserted good cause to reopen the case. Upon review, we affirm.

In January 2013, Smith filed a complaint against the Borough of Morrisville (Borough) in the magisterial district court. Therein, he alleged the Borough violated the Americans with Disabilities Act[2] (ADA) by not providing a reasonable accommodation for his disability because the elevator to the Borough's

---

[1] The Honorable Diane E. Gibbons presided.

[2] 42 U.S.C. §§12101-12213.

library did not work. Supplemental Reproduced Record[3] (S.R.R.) at 1b. In April 2013, the magisterial district judge dismissed Smith's complaint without prejudice on jurisdictional grounds. Id. at 2b.

In April 2013, Smith filed an appeal with the trial court. Id. at 3b-4b. In May 2013, he filed a complaint. Id. at 4b-8b. Both the appeal and the complaint were timely filed. The trial court scheduled a hearing for June 2013. S.R.R. at 13b. However, on May 22, 2013, Smith filed a praecipe to withdraw his appeal. Id. at 9b. Consequently, the trial court marked the appeal withdrawn. Id. at 14b.

On August 15, 2014, after the passage of more than one year, Smith filed a one-page "Petition to Reopen Case." Id. at 10b. There, he averred:

> I plead not guilty. Please reopen case.
>
> The elevator/lift works intermittently. 'The lift has never worked.' 'The lift didn't work this morning.' 'The lift has always worked.' 'Get the f--- out of here.' 'The lift works, the door was ajar.' 'Do you want to take a ride on it?'
>
> I seek an injunction to stop retaliation barred by the [ADA].

Id. The trial court denied the petition.[4]

---

[3] Because this Court granted Smith leave to proceed *in forma pauperis*, he was excused from filing a reproduced record. See Pa. R.A.P. 2151; see also Pa. R.A.P. 2156 (authorizing appellee to file a supplemental reproduced record).

2

Smith then filed a motion for reconsideration. In the motion, he stated:

> The elevator/lift at [the Borough] Library did not function on days in 2012, 2013 and 2014. A neighbor said the elevator/lift should work because there are more persons than you who need it. A person who used the elevator/lift said it stalled between floors while he was in it. While voting, I complained to Todd Sanford, [Borough] Councilperson at the last three elections. Mr. Sanford said [the Borough] has spent a lot of money on the elevator/lift. Mr. Sanford said that my complaining may have been enough for the [Borough] Police Officer to cite me. At one election, Constable Joe told me to complain.

Id. at 11b. The trial court denied reconsideration. Thereafter, Smith appealed to Superior Court, which transferred the appeal here.

The trial court directed Smith to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. In response, Smith filed the following statement:

> I am a person missing my left leg, above the knee, disabled under the [ADA] and Pennsylvania Human Relations Act (PHRA).[5] The elevator at the [Borough] Library did not function on days in 2012, 2013 and 2014. Lynda Kent, investigator, to accessibility complaint

---

**(continued…)**

[4] An order denying a motion to reinstate an appeal is a final order for purposes of appeal. Anderson v. Centennial Homes, Inc., 594 A.2d 737 (Pa. Super. 1991).

[5] Act of October 27, 1955, P.L. 744, as amended, 43 P.S. §§951-963.

(Case No. 201203972) I filed under the PHRA said Borough would not mediate. I filed a Bucks County Private Citizens Complaint following the November 2013 election because I wanted to citizen's arrest a police officer following incident at Giant Food Store. The [Borough] harasses me. Police give me the right middle finger obscenity, come up behind me and loudly use their sirens and improperly use lights. Then persons working at Delaware Joint Toll Bridge Commission began giving me the right middle finger obscenity. The Commission operates across the Street on Washington; LeVar J. Talley and I had words. Tom, postal deliverer, estimated straight shot distance up Street to Mayor's downstairs room to be a mile.

S.R.R. at 17b.

In its Pa. R.A.P. 1925(a) opinion, the trial court explained only upon good cause shown may it reinstate an appeal. Tr. Ct., Slip Op., 2/11/15, at 2. To show good cause, an appellant must proffer some legally sufficient reason. The trial court found Smith did not set forth any reason to reinstate his appeal in his petition to reopen case. Id. at 3. On this basis, the trial court denied his request.

In addition, the trial court determined Smith did not allege any errors or address why his case should be reopened in his Rule 1925(b) statement. The trial court found Smith's statement "too incoherent and imprecise" to determine the exact issues raised. Tr. Ct., Slip Op., at 3. Consequently, the trial court concluded Smith waived any issues on appeal.

4

Before this Court,[6] Smith challenges the trial court's refusal to reinstate his appeal from the judgment entered by the magisterial district judge. Smith claims he showed good cause to reopen his case. Although his arguments are difficult to decipher, it appears Smith withdrew his appeal with the trial court because he filed a similar complaint against the Borough with the Pennsylvania Human Relations Commission (PHRC) under the PHRA. Smith alleged the PHRC closed his case because he raised the same or similar issues before the trial court. On this basis, he requested to reinstate his appeal and complaint filed in the trial court.

The Borough responds the trial court properly denied Smith's petition because he did not present good cause to reopen the case. According to the Borough, Smith offered no reason or explanation as to why he voluntarily withdrew his appeal or why he wished to reopen his case a year later. Insofar as Smith now asserts cause based on the closure of the PHRC complaint, he waived this issue by failing to present it to the trial court.

Rule 1006 of the Pennsylvania Rules of Civil Procedure for Magisterial District Judges provides: "Upon failure of the appellant to comply with Rule 1004A[7] or Rule 1005B,[8] the prothonotary shall, upon praecipe of the

---

[6] We review a trial court's decision to grant or deny a petition to reopen for abuse of discretion. See Slaughter v. Allied Heating, 636 A.2d 1121 (Pa. Super. 1993); Anderson.

[7] Rule 1004A provides: "If the appellant was the claimant in the action before the magisterial district judge, he shall file a complaint within twenty (20) days after filing his notice of appeal." Pa. R.C.P.M.D.J. No. 1004A.

appellee, mark the appeal stricken from the record.  <u>The court of common pleas may reinstate the appeal upon good cause shown</u>."  Pa. R.C.P.M.D.J. No. 1006 (emphasis added).  The commentary to the rule provides:  "This rule is intended to provide sanctions for failing to act within the time limits prescribed."  <u>Id.</u>, note.

"Good cause" is not defined in the rules governing magisterial district judge proceedings.  Our Superior Court defined good cause as a:

> [s]ubstantial reason, one that affords a legal excuse. Legally sufficient ground or reason. Phrase 'good cause' depends upon circumstances of individual case, and finding of its existence lies largely in discretion of officer or court to which decision is committed .... 'Good cause' is a relative and highly abstract term, and its meaning must be determined not only by verbal context of statute in which term is employed but also by context of action and procedures involved in type of case presented ....

<u>Anderson v. Centennial Homes, Inc.</u>, 594 A.2d 737, 739 (Pa. Super. 1991) (quoting BLACK'S LAW DICTIONARY 623 (5th ed. 1979)) (emphasis omitted).

At the very least, a party asserting good cause "should explain its reasons" and "proffer some legally sufficient reason for the trial court to reinstate its appeal."  <u>Id.</u>  The failure to offer any explanation for procedural noncompliance with the rules cannot constitute good cause.  <u>Id.</u>  Moreover, an alleged "inadvertent

---

**(continued…)**

[8] Rule 1005B provides: "The appellant shall file with the prothonotary proof of service of copies of his notice of appeal, and proof of service of a rule upon the appellee to file a complaint if required to request such a rule by Rule 1004B, within ten (10) days after filing the notice of appeal."  Pa. R.C.P.M.D.J. No. 1005B.

error," without more, is "insufficient to show good cause" for reinstating an appeal. Slaughter v. Allied Heating, 636 A.2d 1121, 1125 (Pa. Super. 1993). Ultimately, "[t]he determination of whether good cause has been demonstrated is trusted to the trial court's sound discretion." Anderson, 594 A.2d at 739; accord Slaughter.

In support of his claim that he provided good cause, Smith cites Delverme v. Pavlinsky, 592 A.2d 746 (Pa. Super. 1991), and Gregory v. Administrative Office of the Courts of the State of New Jersey, 168 F.Supp.2d 319 (D.N.J. 2001). Appellant's Br. at 3.

In Delverme, our Superior Court reinstated an appeal that was dismissed based on the plaintiffs' failure to comply with the technical requirements of a procedural rule. Specifically, the plaintiffs filed an appeal, but inadvertently neglected to timely file a complaint. The trial court denied the petition to reopen. On appeal, the Superior Court determined the trial court abused its discretion because plaintiffs, who were initially unrepresented by counsel, did not understand the need to file a complaint in addition to the appeal. There was no prejudice to defendants, who received notice of the appeal. Once plaintiffs' appeal was stricken, they acted immediately and in good faith to rectify the situation.

In Gregory, a U.S. district court granted a plaintiff's unopposed motion to reopen a case. The court administratively closed the case without prejudice pending the outcome of a related U.S. Supreme Court case. Because the motion was unopposed, the court did not provide further discussion.

However, both of these cases are distinguishable and are not dispositive. Unlike the appeals in <u>Delverme</u> and <u>Gregory</u>, this case was not struck based on noncompliance with a procedural rule or administratively dismissed based on a pending Supreme Court case. Rather, Smith's appeal was closed based on Smith's voluntary withdrawal. Significantly, in both <u>Delverme</u> and <u>Gregory</u>, the plaintiffs acted quickly to reopen their appeals after they were stricken, whereas Smith waited over a year before filing a petition to reopen. Moreover, the plaintiffs in <u>Delverme</u> established good cause to reopen their case, and in <u>Gregory</u>, the motion to reopen was unopposed. Finally, <u>Gregory</u>, which is from the federal district court of New Jersey, does not deal with Pennsylvania's procedural rules. Consequently, it is neither binding nor persuasive.

Here, although this case does not involve a stricken appeal for failure to comply with the rules, Rule 1006 nevertheless authorizes the trial court to reinstate an appeal upon good cause shown. <u>See</u> Pa. R.C.P.M.D.J. No. 1006. While Smith claims he presented good cause to reopen his withdrawn appeal, his filings with the trial court belie this assertion. Smith filed a petition to reopen case, a motion for reconsideration, and a Pa. R.A.P. 1925(b) statement with the trial court. However, in those documents, Smith did not proffer any cognizable reason for the trial court to reinstate his appeal. Further, he did not explain why he withdrew his appeal in the first place or why he waited over a year to seek relief.

For the first time in this litigation, on appeal to this Court, Smith provided an explanation for withdrawing his appeal. Specifically, Smith asserted he believed his PHRA discrimination claim against the Borough would proceed.

8

But, according to Smith, the day after he withdrew his appeal, PHRC notified him it was "closing" his discrimination claim because he raised the same issues before the trial court. Appellant's Br. at 2. As for his delay in seeking relief, Smith averred his desire to reopen the matter was "[s]parked by increased police harassment." Id. at 3.

Smith did not set forth these grounds for relief to the trial court. Consequently, they are waived on appeal. See Pa. R.A.P. 302 (issues not raised before the trial court are waived and cannot be raised for the first time on appeal); Tyrone Fire Patrol Co., No. 1 v. Tyrone Borough, 92 A.3d 79, 92 n.15 (Pa. Cmwlth. 2014) (same).

Waiver aside, Smith's alleged reasons do not constitute good cause to reinstate his appeal. Smith cited the "closing" of his PHRA claim and "increased police harassment," Appellant's Br. at 2, as the reasons he filed his petition to reopen case. However, Smith did not promptly seek relief upon learning his PHRA claim was closed. Rather, he waited over a year before filing his petition to reopen with the trial court. Moreover, it is unclear how police harassment is in any way related to his ADA claim against the Borough for an alleged problem with the Borough library's elevator. For these reasons, we conclude the trial court did not abuse its discretion when it refused to reopen Smith's appeal.

Accordingly, we affirm.

_____
ROBERT SIMPSON, Judge

9

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Chandler P. Smith,            :
              Appellant      :
                         :     No. 550 C.D. 2015
         v.              :
                         :
Borough of Morrisville      :

# **O R D E R**

**AND NOW**, this 23rd day of October, 2015, the order of the Court of Common Pleas of Bucks County is **AFFIRMED**.

 

 

_____
ROBERT SIMPSON, Judge