J-S29017-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOHN J. O'BRIEN, III, ESQ. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JACQUELINE TUCKER | : | No. 3861 EDA 2017 |

Appeal from the Order Entered October 30, 2017
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2017-03096

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY LAZARUS, J.:                **FILED JUNE 05, 2019**

John J. O'Brien, III, Esquire (Plaintiff), appeals *pro se* from the trial court's order, entered in the Court of Common Pleas of Montgomery County, denying his petition to "Reinstate Action for a 'Snap' Judgment."  After careful review, we dismiss the appeal.

Plaintiff's brief contains a fragmented recitation of the facts of this case. From what we can gather, Plaintiff's firm represented Defendant's family for more than 35 years, both personally and professionally with regard to Defendant's sports film/video business.  Plaintiff filed a claim in Magisterial District Court against Defendant for unpaid legal fees.  When the claim was not settled in Plaintiff's favor, Plaintiff filed an appeal to the Court of Common Pleas in Montgomery County.  The trial court dismissed the appeal.  Plaintiff now claims that the trial court "unilaterally dismissed the appeal without [Pa.R.C.P.] 237.1 10[-]day notice."  *Id.* at 4.  Plaintiff asserts that "the

Pennsylvania Supreme Court[1] must address a conflict between Rule 237.1 and District Justice Rule [1004(A)]."[2] *Id.* *See also David R. Nicholason, Builder, LLC v. Jablonski*, 163 A.3d 1048 (Pa. Super. 2017) (appellant from magisterial district court judgment must perfect appeal by filing in court of common pleas timely complaint per Pa.R.C.P.M.D.J. 1004(A); appeal is subject to Pennsylvania Rules of Civil Procedure only *after* appellant perfects appeal in the court of common pleas).

We note that:

> Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon Plaintiff. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

*In re Ullman*, 995 A.2d 1207, 1211-12 (Pa. Super. 2010) (citations omitted). Here, Plaintiff's appellate brief is woefully inadequate in terms of compliance with our briefing rules. Not only does Plaintiff fail to include a "Statement of

---

[1] *See* Pa.R.J.A. 103 (Procedure for Adoption, Filing and Publishing Rules).

[2] Pennsylvania Magisterial District Judges Rule of Civil Procedure 1004(A) provides, "[i]f the appellant was the claimant in the action before the magisterial district judge, **he shall file a complaint within twenty (20) days after his notice of appeal**." Pa.R.C.P.M.D.J. 1004(A) (emphasis added). The trial court notes that Plaintiff was given the requisite notice under the rule; he has not provided this Court with any argument or evidence to support why his petition should have been reinstated. *See Slaughter v. Allied Heating*, 636 A.2d 1121, 1125 (Pa. Super. 1993) (noting trial court may reinstate appeal upon "good cause" shown; Rule 1006 intended to provide sanctions for failing to act within the prescribed time limits).

the Questions Involved," **see** Pa.R.A.P. 2116, he also presents no "Summary of the Argument." **See** Pa.R.A.P. 2118. Moreover, Plaintiff's "Argument" section is three-quarters of a page long,[3] does not explain how the trial court misapplied the rules under the particular facts of this case, and fails to expound upon how the court's ruling was a "snap judgment." Based on the overwhelming deficiencies in Plaintiff's brief, we are compelled to dismiss the appeal. **See Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007) (it is appellant's duty when briefing issues to present arguments that are sufficiently developed with pertinent discussion, references to record, and citations to legal authorities).

Appeal dismissed.[4]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/5/19

---

[3] Plaintiff cites to two cases in the argument section of his appellate brief. Plaintiff admits the first case does not apply to this appeal. The second case Plaintiff references quotes language from a dissenting opinion.

[4] We, herein, deny Plaintiff's *nunc pro tunc* application for oral argument.