J-A02032-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOHN KELLEY AND TRICIA KELLEY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TODD HARR | : | |
| | : | |
| Appellant | : | No. 720 WDA 2020 |

Appeal from the Judgment Entered February 4, 2019
In the Court of Common Pleas of Bedford County Civil Division at No(s):
1008-2018

BEFORE: BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:　　　　　　　　**FILED: MAY 4, 2021**

Todd Harr appeals from the order denying his motion to reinstate an appeal from a magisterial district court decision entered in favor of John Kelley and Tricia Kelley ("the Kelleys") and against Harr. Harr argues the trial court erred because there was good cause for his failure to file a proof of service of the notice of appeal and the Kelleys did not suffer prejudice. We affirm.

The Kelleys initiated a civil action against Harr before a magisterial district judge ("MDJ"), claiming they paid Harr for automobile work that he failed to perform. The MDJ entered judgment in favor of the Kelleys and against Harr, on August 28, 2018, in the amount of $9,500. Harr filed a *pro se* appeal to the Court of Common Pleas of Bedford County, but did not file a proof of service of the notice of appeal. In October 2018, the Kelleys filed a praecipe to strike the appeal from the MDJ judgment, and the court struck the appeal.

Harr obtained counsel, who in December 2018 filed a motion to reinstate the appeal. After a hearing, the court denied the motion, finding that "nothing in the record nor the averments indicate that [Harr] actually served [the Kelleys] with notice of the appeal regardless of whether a proof of service was filed pursuant to Pa.R.C.P.M.D.J. 1005(B)." Order, filed Feb. 4, 2019. Harr appealed to this Court.[1]

Harr raises the following issue:

> I. Whether the trial court erred or abused its discretion in denying [Harr's] Motion to Reinstate an appeal from a magisterial district justice's decision, when it struck for failure of [Harr] to file proof of service of the notice of appeal with the prothonotary within the prescribed period, but [Harr] has demonstrated good cause to reinstate the appeal and [the Kelleys] have not shown prejudice as [the Kelleys] have received notice of the appeal?

Harr's Br. at 5.

Harr argues the Court of Common Pleas improperly denied his petition to reinstate his appeal from the MDJ judgment. He claims he filed a timely notice of appeal to the Court of Common Pleas and paid the fees, and "just fifteen days later," on October 10, 2018, the Kelleys filed a praecipe to strike

---

[1] We quashed Harr's initial appeal to this Court as untimely, without prejudice for him to seek an appeal *nunc pro tunc*. Harr filed a motion in the Court of Common Pleas for such relief, but in July 2019, the trial court denied it. Harr appealed to this Court, and we reversed, finding that there had been a breakdown in the trial court's operations when Harr had first attempted to appeal from the February 2019 order. Harr then filed a notice of appeal, docketed at 564 WDA 2020. We issued a rule to show cause, noting that further trial court action was required, and Harr discontinued that appeal. In July 2020, the trial court entered an order granting Harr leave to file a notice of appeal within 20 days, and Harr filed the instant appeal on July 17, 2020.

the appeal, citing his failure to file proof of service. Harr's Br. at 22. Harr argues that "[t]here is no question that" the Kelley's received "at the least, constructive notice that the appeal had been taken," without any delay in the proceedings, and points out that they filed the praecipe to strike the appeal. *Id.* at 21-22. Harr distinguishes *Slaughter v. Allied Heating*, 636 A.2d 1121, 1125 (Pa.Super. 1993), claiming that unlike the defendant in *Slaughter*, who waited two months to serve the notice of appeal, the Kelleys filed the praecipe 15 days after the appeal. Harr concludes that he demonstrated good cause, as he was initially unrepresented and as soon as he received notice that the appeal had been stricken, he retained counsel. He further claims the Kelleys failed to show prejudice, and that he will suffer prejudice if the appeal is not allowed, as he will be subject to an unfair judgment.

This court reviews a trial court's decision regarding whether to reinstate the appeal from a MDJ judgment for an abuse of discretion. *See Slaughter* , 636 A.2d at 1123.

Pennsylvania Rule of Civil Procedure for Magistrate District Judges 1005 requires that the party appealing from an MDJ judgment both to serve the notice of appeal on the appellee and MDJ, and to file proofs of such service:

> A. The appellant shall by personal service or by certified or registered mail serve a copy of the notice of appeal upon the appellee and upon the magisterial district judge in whose office the judgment was rendered. . . . If the appellee has an attorney of record named in the complaint form filed in the office of the magisterial district judge, the service

- 3 -

> upon the appellee may be made upon the attorney of record instead of upon the appellee personally.
>
> B. The appellant shall file with the prothonotary proof of service of copies of the notice of appeal, and proof of service of a rule upon the appellee to file a complaint if required to request such a rule by Rule 1004B, within 10 days after filing the notice of appeal.

Pa.R.C.P.M.J.D. 1005A, B.

MDJ Rule 1006 provides a mechanism for the appellee to have the prothonotary strike an MDJ appeal upon praecipe, for failure to file a proof of service: "Upon failure of the appellant to comply with Rule 1004A or Rule 1005B, the prothonotary shall, upon praecipe of the appellee, mark the appeal stricken from the record." Pa.R.C.P.M.J.D. 1006. However, Rule 1006 also allows the Court of Common Pleas to reinstate the appeal "upon good cause shown." *Id.* In this usage, "good cause" "require[s] an appealing party to proffer some legally sufficient reason for reinstating the appeal." *Slaughter* , 636 A.2d at 1123 (citing *Anderson v. Centennial Homes, Inc.*, 594 A.2d 737, 739 (Pa.Super. 1991)).

In *Slaughter*, the appellant did not file the proof of service required under the rules and did not serve the appellees with notice of the appeal. 636 A.2d at 1122. The appellant later obtained counsel, who filed the proof of service and served the appellee and district justice with notice of the appeal. The Court noted that prior court decisions found good cause to reinstate an appeal where the Rule's technical requirements were not satisfied. *Id.* at 1123. It found, however, that "[n]early all of the cases . . . indicate that the appealing party timely served the notice of appeal upon both the opposing

- 4 -

party and the district justice and had merely failed to timely file their proofs of service or their complaint." *Id.* at 1124. The Court noted that "[w]here the notice of appeal is timely filed and served upon the non-appealing party and the district justice, the intent underlying the rule has been fulfilled and no further purpose remains to be served by penalizing the appealing party for failing to timely file the proofs of service." *Id.* It noted that "the mere failure to file the proofs of service in a timely manner will be disregarded where it is clear that the opposing party has received notice of the appeal and that the purpose of the rules has been satisfied." *Id.*

However, the ***Slaughter*** Court distinguished the facts there from those in cases where the Court excused the failure to file proofs of service. The Court stated that the record there was "devoid of any evidence, aside from appellant's own unsupported allegations that appellee and the district justice were actually served with the notice of appeal" before the late notice served on them. *Id.* The Court added that the appellant's claim that the failure to comply with the rule was "inadvertent error" did not satisfy the good cause requirement, and that the appellant's *pro se* status, without more, also did not constitute good cause. *Id.* at 1125.

The Court further addressed the appellant's argument that the court should disregard the non-compliance because the appellee did not suffer prejudice. *Id.* It reasoned that "simply stating that the . . . noncompliance did not substantially affect the rights of the [adverse party] is not alone sufficient to demonstrate good cause to reinstate the appeal." *Id.* (quoting

- 5 -

***Anderson v. Centennial Homes, Inc.***, 594 A.2d at 740) (alteration in original)).

Here, the trial court denied the motion to reinstate the appeal of the MDJ judgment, finding that "nothing in the record nor the averments indicate that [Harr] actually served [the Kelleys] with notice of the appeal regardless whether a proof of service was filed." Order, filed Feb. 4, 2019. It also found Harr had failed to comply with the proof-of-service requirements contained in Rule 1005(B). Trial Court Opinion, filed Sept. 18, 2020. It noted that Harr argued the appeal should be re-instated because he was unrepresented at the time of the appeal and unaware of Rule 1005(B), and that the Kelleys will not be prejudiced by reinstatement. The trial court found the case analogous to ***Slaughter***, and concluded Harr failed to establish good cause.

We conclude the trial court did not abuse its discretion in denying the motion to reinstate the appeal. The court did not err in finding itself bound by ***Slaughter***. The record contains no evidence that Harr served the Kelleys or the MDJ with the notice of the appeal. He also filed no proof of service. Harr's *pro se* status and his assertion the Kelleys did not suffer prejudice, without more, do not establish good cause, pursuant to ***Slaughter***.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/4/2021