652 A.2d 935

**Robert E. VOLAND and Rae Voland, His Wife**

v.

**James R. GRAY, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 25, 1994.

Filed Jan. 20, 1995.

Joseph E. Buckley, Jr., Brookville, for appellant.

David M. Speer, Clarion, for appellees.

Before CIRILLO, TAMILIA and HOFFMAN, JJ.

HOFFMAN, Judge.

This case arises from a lease purchase agreement whereby appellant, James R. Gray, agreed to lease an International truck, from appellees, Robert E. and Rae Voland. Appellees filed a complaint, alleging breach of contract. After a hearing, District Justice Heasley entered judgment against appellant in the amount of $8,080.50 on October 29, 1993. Appellant filed a timely notice of appeal and praeciped the Prothonotary to enter a rule to file a complaint. Notice of appeal was personally served on appellees on December 6, 1993 and served on District Justice Heasley by letter dated November 30, 1993. However, appellant failed to file, with the prothonotary, proof of service upon appellees within ten (10) days after filing the notice of appeal, as required by Pa.R.C.P.D.J. 1005B.[1] Based on this omission, appellees filed a praecipe to strike appeal, which was signed by a deputy prothonotary on December 23, 1993. On December 29, 1993, a certificate of service was filed by appellant's counsel with the prothonotary and the next day appellant filed a petition to reinstate appeal.

Following a March 10, 1994 hearing, the Honorable Paul B. Greiner, of the Court of Common Pleas of Clarion County, found that appellant's failure to comply with Rule 1005B was " 'inadvertent error' and insufficient to show good cause."

1. Rule 1005 provides:

The appellant shall file with the prothonotary proof of service of copies of his notice of appeal, and proof of service of a rule upon the appellee to file a complaint, if required to request such by Rule 1004B, within ten (10) days after filing the notice of appeal.
Pa.R.C.P.D.J. 1005B.

Accordingly, he denied appellant's petition to reinstate appeal in the March 11, 1994 order. This timely appeal followed.

Appellant argues that the court below committed an error of law in denying the petition to reinstate appeal. For the following reasons, we agree.

■ Where an appeal has been stricken based on failure to comply with Rule 1005B, the court of common pleas may reinstate the appeal upon a showing of good cause. Pa. R.C.P.D.J. 1006. Even though the determination of whether good cause has been demonstrated is within the trial court's discretion, *Slaughter v. Allied Heating*, 431 Pa.Super. 348, 351, 636 A.2d 1121, 1123 (citing *Anderson v. Centennial Homes, Inc.*, 406 Pa.Super 513, 517, 594 A.2d 737, 739 (1991)), we have reinstated appeals where we have held the trial court erroneously found good cause was lacking. *See Delverme v. Pavlinsky*, 405 Pa.Super. 443, 592 A.2d 746 (1991) and *Katsantonis v. Freels*, 277 Pa.Super 294, 419 A.2d 778 (1980).

■ With these standards in mind, we turn to the case before us. Here, appellees and the district court received timely notice of appellant's appeal. However, appellant filed the proof of service approximately twenty (20) days late. In his petition to reinstate appeal, appellant explains:

The Green Card evidencing the fact of actual service upon the Plaintiff[s]/Appellee[s] was not filed with the Prothonotary's office within the ten (10) day requirement of Rule 1005(b) because it was not received by our office in time to comply with the rule.

Petition to reinstate appeal, p. 2. We note, however, explanatory note to Pa.R.C.P.D.J. 1005 provides:

As to subdivision B, there is *no return receipt requirement* for service by certified or registered mail and consequently no such receipt need be filed with the prothonotary, although if service is by certified or registered mail the sender's receipt must be attached to the proof of service.

Pa.R.C.P.D.J. 1005 (emphasis added).

In the instant case, it is clear that appellant misinterpreted the dictates of Pa.R.C.P.D.J. 1005. Appellant believed that

the sender's receipt was in fact the return receipt. Although appellant did not technically comply with Pa.R.C.P.D.J. 1005B, his misreading of the comment was a legitimate excuse, and therefore we find that he did make a good faith attempt to comply with the rule. Moreover, we note appellee suffered no prejudice. Consequently, the order dismissing the petition to reinstate the appeal is vacated and the appeal is reinstated. *See also Slaughter v. Allied Heating,* 431 Pa.Super. 348, 636 A.2d 1121 (1993) (petition to reinstate appeal denied where nothing in the record indicated that appellee and the district justice received timely notice of appeal, but court explained "the mere failure to file the proofs of service in a timely manner will be disregarded where it is clear that the opposing party has received notice of the appeal and that the purpose of the rules has been satisfied."); *Delverme v. Pavlinsky,* 405 Pa.Super. 443, 447–48, 592 A.2d 746, 748 (1991) (where appellant made a good faith attempt to comply with the Pa. R.C.P.D.J. and in the absence of prejudice to appellee, the appeal was reinstated); *Anderson v. Centennial Homes, Inc.,* 406 Pa.Super. 513, 594 A.2d 737 (1991) (trial court's order denying appellant's motion to reinstate appeal affirmed where appellants provided no reasons for their omission); *Quarato v. Facelifters, Ltd.,* 305 Pa.Super. 536, 451 A.2d 777 (1982) (dismissal of appeal due to technical noncompliance with Pa. R.C.P.D.J. 1005B was vacated); and *Katsantonis v. Freels,* 277 Pa.Super 294, 419 A.2d 778 (1980) (court construed Rule 1005B liberally and reinstated appeal).

Order reversed and appeal reinstated.