667 A.2d 1163

**HOWLAND, HESS, GUINAN & TORPEY, Appellee,**

v.

**Susan PERZEL, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 11, 1995.

Filed Nov. 29, 1995.

Bruce S. Marks, Philadelphia, for appellant.

John R. Howland, Huntingdon Valley, for appellee.

Before DEL SOLE, BECK and HUDOCK, JJ.

HUDOCK, Judge:

Susan Perzel appeals from the trial court's order denying her petition to reinstate the appeal from a judgment of the District Justice. We affirm.

The facts and procedural history giving rise to this appeal are as follows: Appellee, the law firm of Howland, Hess, Guinan & Torpey (Howland), filed a complaint with the District Justice, James B. Hunter, against Appellant, Susan Perzel (Perzel), to recover unpaid legal fees. After a hearing the District Justice entered a judgment on August 23, 1994 in favor of Howland for $2,899.65 plus costs. Perzel filed a timely notice of appeal from this judgment with the Court of Common Pleas of Montgomery County on September 5, 1994. Perzel, however, failed to file proof of service of the notice of appeal on Howland and the District Justice within ten days as required by Pa.R.C.P.D.J. 1005 B. Perzel also failed to send a copy of the notice of appeal to the District Justice as required by Pa.R.C.P.D.J. 1005 A. Perzel mailed the notice of appeal to the Montgomery County Courthouse despite the fact that the District Justice's office was not located in the courthouse. Furthermore, Perzel failed to identify District Justice James B. Hunter as the correct addressee on the envelope containing the notice of appeal.

On October 5, 1994, Howland filed a praecipe to strike the appeal pursuant to Pa.R.C.P.D.J. 1006. Perzel's attorney received the praecipe via certified mail on October 11, 1994. On October 31, 1994, Perzel's attorney telephoned Howland's

counsel to ascertain the legal grounds for Howland's praecipe. Howland's attorney indicated that Pa.R.C.P.D.J. 1005 and 1006 provided the legal basis for such praecipe. Perzel's attorney took no further action until December 1, 1994 when he received notice that Howland transferred the judgment to the Court of Common Pleas of Philadelphia County. Perzel filed a "Petition to Reopen Case and Stay Judgment" on December 12, 1994 with the Court of Common Pleas of Montgomery County. On January 6, 1995, Howland filed an answer to this petition which the court treated as a petition to reinstate the appeal. After oral argument the court denied Perzel's petition to reinstate the appeal on January 17, 1995. Perzel sought reconsideration of that order which was also denied on February 6, 1995. Perzel then filed a timely notice of appeal to this Court.

Perzel raises one issue for our review: Did the lower court err when it refused to reinstate her appeal? Perzel alleges that she demonstrated good cause for her failure to comply with the procedural rules and thus the trial court should have excused her minor procedural default and reinstated her appeal. We cannot agree.

Pa.R.C.P.D.J. 1005 provides in pertinent part:

**RULE 1005. SERVICE OF NOTICE OF APPEAL AND OTHER PAPERS.**

A. The appellant shall by personal service or by certified or registered mail serve a copy of his notice of appeal upon the appellee and upon the district justice in whose office the judgment was rendered.

B. The appellant shall file with the prothonotary proof of service of copies of his notice of appeal, and proof of service of a rule upon the appellee to file a complaint if required to request such a rule by Rule 1004B, within ten (10) days after filing the notice of appeal.

Pa.R.C.P.D.J. 1005 A & B, 42 Pa.C.S.A.

The official Note to Rule 1005 B makes it clear that the appellant is not required to attach a return receipt to the proof of service. The appellant is only required to attach a

sender's receipt to the proof of service if service was made via certified or registered mail. *See Voland v. Gray,* 438 Pa.Super. 525, 526, 652 A.2d 935, 936 (1995) (it is not necessary to attach green return receipt card to proof of service).

Pa.R.C.P.D.J. 1006 offers the court a discretionary remedy if a party fails to comply with Rule 1005 B. *Anderson v. Centennial Homes, Inc.,* 406 Pa.Super. 513, 517, 594 A.2d 737, 739 (1991). It provides:

### RULE 1006 STRIKING APPEAL

Upon failure of the appellant to comply with Rule 1004A or Rule 1005B, the prothonotary shall, upon praecipe of the appellee, mark the appeal stricken from the record. The court of common pleas may reinstate the appeal upon good cause shown.

Pa.R.C.P.D.J. 1006. The official Note to Rule 1006 specifies that: "This rule is intended to provide sanctions for failing to act within the time limits prescribed." Rule 1006 does not define what constitutes "good cause." However, our courts have interpreted this to require the appellant to proffer a legally sufficient reason for reinstating the appeal. *Slaughter v. Allied Heating,* 431 Pa.Super. 348, 350, 636 A.2d 1121, 1123 (1993), *alloc. den.,* 539 Pa. 669, 652 A.2d 839 (1995).

The trial court exercises its discretion when determining if the appellant has demonstrated "good cause." *Id.* This Court has reinstated an appeal from a district justice's judgment if the trial court erroneously concluded that the appellant did not demonstrate "good cause." *Voland v. Gray,* 438 Pa.Super. at 526, 652 A.2d at 936.

The trial court found that Perzel failed to comply with two essential procedural rules and failed to demonstrate "good cause" for her noncompliance. First, Perzel failed to send a copy of the notice of appeal to the District Justice, James B. Hunter. Perzel admits that she sent the notice of appeal to the incorrect address. Perzel sent the notice to the address of the Montgomery County Courthouse and she failed to identify James B. Hunter as the correct addressee. Perzel never explained why she sent the notice of appeal to the incorrect

address. Furthermore, when she received the return receipt card, it was signed by a mailman at the Montgomery County Courthouse, J. Carpani, Jr. The return receipt did not indicate that the District Justice received the notice of appeal.

■■■ Secondly, Perzel failed to file proof of service that she sent the notice of appeal to Howland and the District Justice. Perzel claimed that she failed to file the proof of service within the requisite ten day period because the secretary working for her counsel mistakenly assumed that the return receipt card must be attached to the proof of service. Perzel claims that this procedural error must be excused pursuant to this Court's recent decision in *Voland v. Gray, supra.* In *Voland,* this Court reversed the trial court's order denying the appellant's petition to reinstate his appeal. The appellant filed the proof of service required by Rule 1005B twenty days late because of his mistaken belief that the green return receipt card evidencing service of the notice of appeal must be attached to the proof of service. The court found that this was a legitimate excuse for the untimely filing and thus excused the minor technical default. The court noted, however, that the appellees and the district court received timely notice of the appellant's appeal. *Voland,* 438 Pa.Super. at 526, 652 A.2d at 936. In the present case, the District Justice did not receive *any* notice of Perzel's appeal. One of the intended purposes of Rule 1005 B is to notify the District Justice of the appeal since the appeal operates as a supersedeas and prevents the prevailing party from executing on the judgment. *Slaughter v. Allied Heating,* 431 Pa.Super. at 352, 636 A.2d at 1124. District Justice James B. Hunter was never notified in the present case that Perzel filed an appeal, thus staying the $2,899.65 judgment in Howland's favor pending appeal. Perzel's procedural error is more egregious than the appellant's in *Voland* and in other cases where this Court has excused an untimely filing of the proof of service. *See Quarato v. Facelifters, Ltd.,* 305 Pa.Super. 536, 538–39, 451 A.2d 777, 778 (1982) (defendant's failure to comply with Rule 1005 B was disregarded where the defendant failed to timely file the proofs of service but there was evidence that the plaintiff had received actual notice of the appeal within the requisite time period).

Unlike these cases, Perzel did more than fail to timely file a proof of service—she failed to effect service in the first place. Under these circumstances, we do not find that this Court's decision in *Voland* dictates that we reinstate Perzel's appeal. Nor do we find that the trial court abused its discretion when deciding that Perzel failed to show "good cause" for reinstating her appeal. *Accord Slaughter v. Allied Heating,* 431 Pa.Super. at 354, 636 A.2d at 1125 ("an unspecific allegation that [appellant's] failure to comply with Rule 1005B was attributable to 'inadvertent error' is insufficient to show good cause."); *Anderson v. Centennial Homes, Inc.,* 406 Pa.Super. at 518, 594 A.2d at 740 (appellant's failure to offer any explanation for failure to file proof of service will not constitute "good cause").[1]

Order affirmed.

---

1. We note that Pa.R.C.P. 126 allows the court to "disregard any error or defect of procedure which does not affect the substantial rights of the parties." Pa.R.C.P. 126. However, it is not an abuse of discretion for the trial court to enforce the rules of civil procedure and refuse to grant liberal construction of the rules of procedure. *Paden v. Baker Concrete Construction, Inc.,* 540 Pa. 409, 658 A.2d 341 (1995).