## John D. Hughes Construction Inc. v. Funk

*Bruce A. Roth,* for plaintiff.
*Aaron K. Zeamer,* for defendant.

ASHWORTH, *J.,* December 4, 2009—This matter is before the court on plaintiff's motion to strike judgment/petition to open judgment. For the reasons set forth below, this motion/petition must be denied.

## I. BACKGROUND

John D. Hughes Construction Inc., filed an action against Tom Funk, before Magisterial District Judge Mary Mongiovi Sponaugle on January 30, 2009.[1] A hear-

---

1. Defendant Funk allegedly contracted with plaintiff Hughes on or about August 14, 2008, for remodeling work at his home at 311 College

ing was held before MDJ Sponaugle on March 12, 2009, which resulted in a judgment being entered in defendant Funk's favor on March 17, 2009.[2] Neither party was represented by counsel at the MDJ hearing.

On April 16, 2009, plaintiff Hughes, through counsel, filed a timely notice of appeal with the Lancaster County Court of Common Pleas.[3] Copies of the notice of

---

Avenue in the City of Lancaster. (See plaintiff's complaint attached as exhibit "B" to plaintiff's motion to strike/petition to open.) The agreed contract price for these services was $6,116, as set forth in the written proposal signed by defendant on August 14, 2008. (*Id.*) Subsequently, defendant allegedly chose additional services from plaintiff in the amount of $2,235 for a total contract of $8,351, as set forth in an invoice dated September 30, 2008. (*Id.*) Defendant allegedly made just one payment in January 2008 in the amount of $1,525.25, leaving a balance due and owing to plaintiff in the amount of $4,175.50. (*Id.*)

2. A "letter of explanation" by MDJ Sponaugle, attached to the entry of judgment, indicates that judgment was entered in favor of Funk and against Hughes based on the statutory law of "accord and satisfaction by use of instrument." See 13 Pa.C.S. §3311. As noted by MDJ Sponaugle, this law provides that where a notation on a check advises that the payment is being made as "payment in full" and there is a bona fide dispute and payment of the instrument is obtained, then the claim will be discharged if it is established that "within a reasonable time before collection of the instrument was initiated, the claimant . . . knew that the instrument was tendered in full satisfaction of the claim." 13 Pa.C.S. §3311(d). MDJ Sponaugle found that there was a bona fide dispute between the parties in this case, that Hughes was aware of the notation on the check, that Hughes sought legal advice regarding the notation, and that Hughes subsequently spoke to the payor, Funk, about the notation before cashing the check. Accordingly, the judge found that the claim was discharged and Hughes had no right to recovery.

3. The "Notice of Appeal from District Justice Judgment" form filed by Hughes states clearly just below the signature line of the appellant or his attorney: "If appellant was claimant (see Pa.R.C.P.J.P. 1001(6)) in action before district justice, he *must file a complaint* within 20 days after filing his *notice of appeal.*" (emphasis in original)

appeal were served on MDJ Sponaugle and Funk by certified mail on April 23, 2009, as required by Pa.R.C.P.M.D.J. 1005.

After filing the notice of appeal, plaintiff, however, failed to file a complaint within the 20 days required by Pa.R.C.P.M.D.J. 1004(A).[4] Accordingly, on May 15, 2009, Funk filed a praecipe to strike the appeal pursuant to Pa.R.C.P.M.D.J. 1006[5] requesting that Hughes' appeal be stricken for plaintiff's failure to comply with Pa.R.C.P.M.D.J. 1004(A). See *Friedman v. Lubecki,* 362 Pa. Super. 499, 504, 524 A.2d 987, 989 (1987) (Rule 1006 provides for the method by which an appeal is to be stricken from the record for failure to comply with Rule 1004). Pursuant to Funk's praecipe, the prothonotary marked plaintiff's appeal stricken on May 15, 2009.

Defendant did not furnish to plaintiff any written notice of his intention to strike the appeal prior to the filing of the praecipe. Accordingly, on August 13, 2009, plaintiff filed a motion to strike Funk's praecipe to strike appeal, relying on Pa. R.C.P. 237.1(a)(2), which reads in pertinent part:

"No judgment of non pros for failure to file a complaint . . . shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written

---

4. Rule 1004(A) reads: "If the appellant was the claimant in the action before the magisterial district judge, he shall file a complaint within 20 days after filing his notice of appeal."

5. Rule 1006 reads: "Upon failure of the appellant to comply with Rule 1004(A) . . . the prothonotary shall, upon praecipe of the appellee, mark the appeal stricken from the record. The court of common pleas may reinstate the appeal upon good cause shown."

notice of intention to file the praecipe was mailed or delivered

"(i) in the case of a judgment of non pros, after the failure to file a complaint and at least 10 days prior to the date of the filing of the praecipe to the party's attorney of record or to the party if unrepresented . . . ." (See plaintiff's motion to strike/petition to open at ¶ 7.)

Alternatively, plaintiff filed a petition to open judgment in which he claims that "[t]he reason the complaint was not timely filed following the filing of the appeal is that plaintiff had hoped to resolve the case without the necessity of additional litigation and expense, and further expected that a praecipe to file a complaint had to be filed by [Funk] prior to the appeal being stricken as required by Pa.R.C.P. 237.1." (See plaintiff's motion to strike/petition to open at ¶ 11.)

Funk filed an answer to plaintiff's motion to strike judgment/petition to open judgment on August 31, 2009. Briefs were subsequently filed by the parties and a praecipe to assign the matter to the court for disposition was filed on November 16, 2009. This matter is now ripe for disposition.

## II. DISCUSSION

The issue raised through plaintiff's motion to strike judgment/petition to open judgment is whether the provisions of Pa.R.C.P. 237.1 are part of the procedure for striking an appeal from a MDJ judgment taken by a plaintiff who fails to file a complaint. Although neither party cited any case law in support of their position, this court's research revealed a decision by the distinguished

member of the Pennsylvania Rules Committee, the Honorable Stanley J. Wettick of Allegheny County.

In *Seubert and Associates Inc. v. Tiani,* 45 D.&C.4th 268 (2000), Judge Wettick addressed this precise issue in a case with substantially similar facts.

In *Seubert,* the plaintiff had opposed a praecipe to strike appeal pursuant to Pa.R.C.P.D.J. 1006 on the ground that the defendant was obligated to furnish the plaintiff a written notice of his intention to strike the appeal prior to the filing of the praecipe pursuant to Pa.R.C.P. 237.1(a)(2). Judge Wettick held that Rules 237.1-237.6, which govern the entry of judgments of non pros and judgments by default, did not apply because the relief which the defendant had obtained was based upon a rule of civil procedure governing district justice proceedings rather than the rules of civil procedure governing the entry of judgments of non pros and judgments of default. He reasoned as follows:

"The relief that defendant obtained was not based on any rules of civil procedure governing common pleas court proceedings or case law governing the entry of a judgment of non pros. The relief, instead, was based on a rule of civil procedure governing district justice proceedings which provides for the striking of the appeal.

"The striking of an appeal for failure to file a complaint cannot be equated with the entry of a judgment of non pros for failure to file a complaint. When an appeal is stricken, the district justice judgment becomes a final judgment based on the merits of the parties' claims and defenses. Consequently, the doctrines of res judicata and collateral estoppel bar any further litigation involving

the subject matter of the lawsuit. *Burr v. Callwood,* 374 Pa. Super. 502, 543 A.2d 583 (1988). The judgment of non pros for failure to file a complaint, on the other hand, is not a judgment on the merits. Consequently, the case law permits the plaintiff to institute a second lawsuit raising the same claims. *Haefner v. Sprague,* 343 Pa. Super. 342, 494 A.2d 1115 (1985).

"In summary, the rules of procedure governing district justice proceedings require the plaintiff who files an appeal to file a complaint within 20 days after the filing of a notice of appeal (Rule 1004A), and it provides the remedy upon failure of the plaintiff to comply: the striking of the appeal which leaves the district justice judgment in full force and effect. These rules are not altered by any of the rules of civil procedure governing common pleas court proceedings, because none of the rules of civil procedure governing common pleas court proceedings address the situation in which a plaintiff who files an appeal from a district justice proceeding fails to comply with Pa.R.C.P.D.J. 1004A." 45 D.&C.4th at 272-73. (footnote omitted)

See *Cruz Accounting Services Inc. v. Lynch,* No. 9143 Civil 2003, slip op. (Monroe Cty., May 2004) (relying on *Seubert,* the court held that provisions of the rules of civil procedure pertaining to entry of non pros are not applicable to district justice proceedings). See also, *Independent Technical Services Inc. v. Campo's Express Inc.,* 812 A.2d 1238, 1240 (Pa. Super. 2002) (holding that only upon the filing of the complaint is an appeal from the district justice perfected, at which time the action is a de novo proceeding and is subject to the Pennsylvania Rules of Civil Procedure). For the reasons set forth above, defendant Funk did not have to furnish

plaintiff any written notice of his intention to strike the appeal from the MDJ judgment prior to the filing of the praecipe. Therefore, we must reject plaintiff's petition to strike defendant's praecipe and the MDJ appeal will remain stricken.

It is well established in Pennsylvania, however, that where an appeal has been stricken based upon Pa. R.C.P.M.D.J. 1005B, the court of common pleas may reinstate the appeal upon good cause shown. See Pa.R.C.P.M.D.J. 1006; *Voland v. Gray,* 438 Pa. Super. 525, 527, 652 A.2d 935, 935-36 (1995). "Good cause" is not defined in the rules governing proceedings before a district judge. Our Superior Court, however, has interpreted this to require the appellant to "proffer some legally sufficient reason for the trial court to reinstate its appeal." *Anderson v. Centennial Homes Inc.,* 406 Pa. Super. 513, 517, 594 A.2d 737, 739 (1991). See also, *Howland, Hess, Guinan & Torpey v. Perzel,* 446 Pa. Super. 648, 652, 667 A.2d 1163, 1164 (1995); *Slaughter v. Allied Heating,* 431 Pa. Super. 348, 350, 636 A.2d 1121, 1123 (1993). Unfamiliarity with the rules, inadvertence on the part of plaintiff's counsel, pro se status, and the absence of prejudice were all found to be legally insufficient reasons for reinstating an appeal pursuant to Rule 1006. See for example, *Slaughter, supra*; *Anderson, supra*; *Lattimore Development Associates v. Wiss,* 26 D.&C.4th 561 (Pike Cty., 1994); *H. John Davis Inc. v. Bloss,* 16 D.&C.4th 63 (Monroe Cty., 1992); *Harman v. Jaflo Inc.,* 21 Lycoming Rep. 41 (1999); and *Cruz, supra.*

Accordingly, plaintiff Hughes is granted leave to file a petition to reinstate appeal pursuant to Pa. R.C.P.M.D.J. 1006, but is cautioned that such a petition will only be

granted by this court if a substantial and legally sufficient reason for reinstating the appeal can be established on the facts of the case.

## III. CONCLUSION

For the reasons set forth above, plaintiff's motion to strike/petition to open is denied.

Accordingly, we enter the following:

## ORDER

And now, December 4, 2009, upon consideration of plaintiff's motion to strike judgment/petition to open judgment, defendant's answer thereto, and the briefs filed by the parties, it is hereby ordered that said motion/petition is denied.

It is further ordered that plaintiff is granted leave to file a petition to reinstate appeal pursuant to Pa.R.C.P.M.D.J. 1006 within 20 days of the date of this order.