**New Castle Sch. of Trades v. Kapchus**

*Richard A. Harper,* for plaintiff.
*Bradley G. Olson,* for defendant.

MOTTO, *P.J.,* February 8, 2011—Before the court for disposition is the petition for reinstatement of appeal filed by defendant/petitioner Joseph Kapchus. Mr. Kapchus requests that this court reinstate his appeal from the decision of a magisterial district judge ("district magistrate"), pursuant to Rule 1006 of the Pennsylvania Rules of Civil Procedure for Magisterial District Judges ("Pa.R.C.P.M.D.J."). Mr. Kapchus argues that Rule 1006 gives this court discretion to reinstate an appeal from an adjudication by a district magistrate where good cause is shown for failure to timely file proof of service of rule to file complaint, which constituted the basis for plaintiff/respondent New Castle School of Trade's praecipe to strike appeal. The procedural history of this is as follows.

On August 5, 2010, Magisterial District Judge Scott McGrath entered a judgment for respondent New Castle School of Trades ("School of Trades") in the amount of $2,060.14 and assessed judgment costs against Mr. Kapchus in the amount of $110.00. Mr. Kapchus then filed with the prothonotary both a notice of appeal from magisterial district judge judgment and a praecipe to enter rule to file complaint on August 25, 2010 in compliance with the 30-day limitation found in Pa.R.C.P.M.D.J. 1002A. On October 4, 2010, the School of Trades entered a praecipe to strike appeal, alleging that Mr. Kapchus failed to comply with Pa.R.C.P.M.D.J. 1005B by failing to file proof of service of the rule to file complaint on the School of Trades within ten days after filing the notice of appeal. The prothonotary subsequently entered a rule to strike appeal. Mr. Kapchus then filed a petition to reinstate appeal on October 12, 2010, and a hearing on the petition was held January 12, 2011.

Both parties agree that the proof of service had not been timely filed. It remains unfiled because the praecipe to strike had already been entered when petitioner Kapchus and his counsel, Bradley G. Olson, became aware of the proof of service error. Respondent School of Trades alleges that it was never served with a notice of appeal, but such an allegation was not made in the School of Trade's praecipe to strike appeal, which stated only that petitioner Kapchus "failed to comply with Rule 1005B in that no proof of service of the rule to file complaint on the appellee was filed within ten (10) days after the filing of the notice of appeal." Petitioner Kapchus asserts that the error resulted in a technical violation only and did not prejudice the School of Trades. Attorney Olson argues that failure to

reinstate the appeal would be prejudicial to Mr. Kapchus.

Respondent School of Trades argues that this court does not have discretion to reinstate Mr. Kapchus' appeal. The School of Trades asserts that while petitioner Kapchus' violation of rule 1005B by failing to file proof of service may have been a technical violation that did not prejudice the respondent, such a technical violation is jurisdictional and therefore cannot be waived, even for good cause shown. Thus, this court must first determine whether it has discretion to reinstate an appeal from the decision of a magisterial district judge where the appellant/petitioner has violated rule 1005B. If this court does have discretion, it will then evaluate whether petitioner Kapchus' violation of rule 1005B was for good cause shown pursuant to rule 1006, such that reinstatement of Mr. Kapchus' appeal would be within the sound discretion of the court.

Rule 1005B of the Pa.R.C.P.M.D.J. provides the following:

> The appellant shall file with the prothonotary proof of service of copies of his notice of appeal, and proof of service of a rule upon the appellee to file a complaint if required to request such a rule by Rule 1004B, within ten (10) days after filing the notice of appeal.

In the instant case, proof of service was not filed by appellant/petitioner Kapchus within ten days after filing the notice of appeal. The record indicates that the notice of appeal and praecipe to enter rule to file complaint was timely filed on August 25, 2010, within 30 days of district Judge McGrath's decision on August 5, 2010, as required by rule 1002A. As the defendant in the proceeding before the district magistrate, petitioner Kapchus was required

to enter a praecipe to enter rule of course on the appellant/respondent. Pa.R.C.P.M.D.J. 1004B. Pursuant to rule 1005B, Mr. Kapchus should have filed proof of service within ten days after August 25, 2010. However, proof of service was not filed within ten days of that date and has remained unfiled. This violation prompted respondent School of Trades to file its praecipe to strike appeal pursuant to Pa.R.C.P.M.D.J. 1006, which provides that:

> Upon failure of the appellant to comply with rule 1004A or rule 1005B, the prothonotary shall, upon praecipe of the appellee, mark the appeal stricken from the record. The court of common pleas may reinstate the appeal upon good cause shown.

In the instant case, the prothonotary struck the appeal upon praecipe of the School of Trades, which led to petitioner Kapchus' petition to reinstate appeal.

Rule 1006 expressly provides that "[t]he court of common pleas may reinstate the appeal upon good cause shown." The plain meaning of this language in rule 1006 confers upon courts of common pleas the authority to exercise their discretion in determining whether to reinstate an appeal from the decision of a district magistrate for good cause shown for a violation of rule 1005B. Case law supports this reading of rule 1006. The Superior Court has interpreted rule 1006 to give courts of common pleas "a discretionary remedy if a party fails to comply with Rule 1005B." *Howland, Hess, Guinan & Torpey v. Perzel,* 667 A.2d 1163, 1164 (Pa. Super. 1995). See also *Slaughter v. Allied Heating,* 636 A.2d 1121, 1123 (Pa. Super. 1993) (interpreting Rule 1006 to grant the trial court authority reinstate a stricken appeal for good cause shown). The

Superior Court has also held that "the determination of whether a good cause has been demonstrated is trusted to the trial court's sound discretion." *Anderson v. Centenniel Homes, Inc.* 594 A.2d 737, 739 (Pa. Super. 1991). Thus, as a court of common pleas, this court has discretion to reinstate Mr. Kapchus' appeal if it finds that Mr. Kapchus made a showing of good cause for violating rule 1005B.

Rule 1006 does not provide a definition of "good cause." The sole comment to the rule relates only to the rule's intent, which is to "provide sanctions for failing to act within the time limits prescribed" by rule 1004A or rule 1005B. Pa.R.C.P.M.D.J. 1006, note. The trial court is not required to ignore procedural noncompliance, but it may do so at its discretion when good cause is shown. *Anderson*, 594 A.2d at 740.

In order to show good cause, an appellant must provide a "legally sufficient reason for reinstating the appeal." *Howland*, 667 A.2d at 1164. What constitutes a "legally sufficient reason" for reinstatement is not defined, but where the opposing party has had notice of the appeal even though proof of service was not timely filed, good cause for reinstatement has been found. See e.g. *Quarato v. Facelifters Ltd.*, 451 A.2d 777 (Pa. Super. 1982). The Superior Court has identified also some reasons that are insufficient for a finding of good cause: A general allegation of "inadvertent error" as the basis for a 1005B violation is insufficient for establishing good cause. *Slaughter*, 636 A.2d at 1124, and claiming that the violation "did not substantially affect the rights of the [adverse party]" is not a sufficient reason on its own. Anderson at 740.

Additionally, the Superior Court has provided that a

rule 1005B violation should be considered in light of the purpose of rule 1005B, which is to prevent parties receiving an adverse decision from delaying a case by failing to provide notification to the opposing party. Slaughter at 1124. Because the notice of appeal acts as a supersedeas, rule 1006 also seeks to prevent the appealing party from interfering with the opposing party's execution of a favorable judgment. *Id.*

In this case, respondent School of Trades filed a praecipe to strike appeal, which suggests that it had actual knowledge of the appeal. The School of Trades did not assert in its praecipe to strike that it was not served with the appeal. Even though proof of service had not been timely filed, the School of Trades appears to have had notice that the petitioner's appeal had been filed.

As evidence of good cause for the violation, petitioner Kapchus provides in his petition to reinstate appeal that at the time the notice of appeal had been filed, attorney Olson was preparing for a trial and was on notice of a significant trial the following month. Attorney Olson had also been undergoing staffing changes at his office and, while he believed that proof of service had been filed, he did not follow up to ensure that it had been filed. Petitioner Kapchus' proffered reasons are more specific than statements of "inadvertent error." Contra. *Slaughter* at 1124.

Petitioner Kapchus argues that respondent school of trades has not been affected by the violation. However, Mr. Kapchus does not rely solely on that assertion. Contra. *Anderson* at 740. Petitioner Kapchus' use of the lack of prejudice to the respondent seems to support his assertion that the violation was technical only and did not prejudice

the respondent. The respondent did not raise any evidence of resulting prejudice and did not address whether, due to failure to file proof of service, it had been prevented from executing the favorable judgment it received.

Trial preparation and staffing changes seem to this court to be legitimate rather than dilatory reasons for failing to meet the ten day filing requirement of rule 1005B, and this court is inclined to view them as legally sufficient reasons in light of the relevant rules and precedent herein discussed. Denying reinstatement of the petitioner's appeal would not serve the purpose of rule 1005B since, based on the evidence presented, the petitioner was not intentionally dilatory and did not seek to impede the respondent's execution on its favorable judgment from the district magistrate. The court recognizes that failure to reinstate the appeal which was stricken for errors on the part of petitioner's counsel may cause prejudice to the petitioner in this case.

For the foregoing reasons, the court finds that it has discretion under rule 1006 to reinstate an appeal from the judgment of a district magistrate and further finds that the petitioner offered a sufficiently legal reason for his violation of rule 1005B, thereby establishing good cause for reinstatement of his appeal pursuant to rule 1006. Therefore, the court grants the petitioner's petition for reinstatement of appeal.

## ORDER OF COURT

And now, February 8, 2011, for the reasons set forth in the accompanying opinion of even date herewith, it is ordered, adjudged and decreed that defendant's petition to reinstate appeal is granted and defendant's appeal is rein-

stated. Defendant shall fully comply with Pa.R.C.P.M.D.J. 1005 within ten (10) days of the date this order is docketed.