**Hyde v. Crigler**

*Emilio P. Fastuca*, for appellants.
*Timothy P. Hennessy*, for appellee.

WETTICK,*J.*, June 28, 1979—On September 15, 1978, appellants filed an appeal from a judgment entered in favor of appellee by District Justice Adam L. Schillinger. One day later, a copy of the notice of appeal and a rule to file a complaint were mailed to appellee by certified mail, return receipt requested, and another copy of the notice of appeal was mailed by certified mail, return receipt requested, to District Justice Schillinger. Receipts from the certified mailings were returned to appellants approximately ten days later. On September 28, 1978, appellants filed in the Prothonotary's Office of Allegheny County proof of service of the copies of their notices of appeal and of the rule upon appellee to file a complaint, together with receipts showing that the certified mailings were received. Subsequently, appellee filed a praecipe to strike the appeal on the grounds that appellants failed to file proof of service within five days after filing the notice of appeal. Appellants responded by filing a motion to vacate this praecipe and/or to reinstate their appeal.

The procedures for appealing from a justice of the peace judgment are set forth in Pa.R.C.P.J.P.

1002-1006. Appellants filed a timely notice of appeal with the common pleas court (Rule 1002); they properly served copies of the notice of appeal and the rule upon appellee to file a complaint (Rule 1005). However, appellants did not comply with the requirement of Rule 1005(B) that proof of service be filed with the prothonotary within five days. This rule reads as follows: "B. The appellant shall file with the prothonotary proof of service of copies of his notice of appeal, and proof of service of a rule upon the appellee to file a complaint if required to request such a rule by Rule 1004B, within five (5) days after filing the notice of appeal."

Failure to comply with the procedures for taking an appeal is governed by Rule 1006 which reads as follows: "Upon failure of the appellant to comply with Rule 1004A or 1005B, the prothonotary shall, upon praecipe of the appellee, mark the appeal stricken from the record. The court of common pleas may reinstate the appeal upon good cause shown."[1]

Appellants' counsel apparently failed to file proof of service within five days after filing the notice of appeal because the return receipts from his certified mailings to appellee and District Justice Schillinger (which were attached to appellants' proof of service filed in the prothonotary's office) were not returned within this five day period. However, the proof of service which is to be filed with the prothonotary within five days after the filing of the notice of appeal is only a sworn, written statement that service has been properly made together

---

1. A note to this rule provides that the rule "is intended to provide sanctions for failing to act within the time limits prescribed. The appeal should be reinstated only under exceptional circumstances."

with the sender's receipts for the certified mail attached thereto (Rule 1001(9)); thus there was no need to wait for receipts showing that the mailings were received before filing the proof of service. See Voynik v. Davidson, 69 D. & C. 2d 267, 270 (Beaver, 1975).

Under Rule 1006, this court may, upon good cause shown, permit the appeal to proceed. This rule was considered by the Pennsylvania Superior Court in the case of City of Easton v. Marra, 230 Pa. Superior Ct. 352, 326 A. 2d 637 (1974). In this case, an appellant who did not serve the appellee or the justice of the peace or file any proof of service within five days after filing the notice of appeal sought to reinstate his appeal and the Superior Court, affirming the lower court, ruled that an allegation of confusion—which was not supported by appellant's actions—did not establish the requisite "good cause."

The question of striking and/or reinstating an appeal pursuant to Rule 1006 was also considered by common pleas courts in the cases of Cluck v. Geigley, 58 D. & C. 2d 429, 431 (Adams 1972), and Voynik v. Davidson, supra.

In the Cluck v. Geigley case, appellant failed to meet the requirements of Rule 1004(B) that he file with his notice of appeal a praecipe requesting the Prothonotary to enter a rule upon appellee to file a complaint within 20 days of service of the rule or the requirements of Rule 1005(B) that proof of service be filed within five days after the filing of the appeal. The court refused to reinstate the appeal stating, "[t]o make exceptions in this procedure now would be unwise even if permissible, and in view of the mandatory character of the rule here

violated we feel that exceptions are impermissible in the absence of fraud or its equivalent: [citation omitted]."

In the Voynik v. Davidson case, the sole deficiency was the failure to file proof of service within five days of service as required by Rule 1005(B) and the court refused to reinstate the appeal stating: "The result may appear to be harsh in this instance. However, we are concerned with a rule of the Supreme Court and are duty bound to enforce it in these circumstances."

The requirement that a notice of appeal and the rule to file a complaint be served promptly upon each appellee promotes the speedy, orderly and just determination of the appeal proceeding; to further such purposes Rule 1005(A) requires the appellant to serve by personal service or registered mail a copy of the notice of appeal and rule (if required) upon each appellee. Rule 1005(A), however, sets no time in which service is to be made. This is governed by Rule 1005(B) which requires the filing with the prothonotary of the proof of service of copies of the notice of appeal and of a rule upon the appellee to file a complaint if required within five days. These requirements of Rule 1005(B) accomplish two purposes: they require that service be made within five days after the filing of the notice of appeal and that proof of service be filed to eliminate any dispute as to whether service was actually made.

The provisions of Rule 1006 that an appellant who has failed to comply with Rule 1005(B) is barred from pursuing the appeal in the absence of good cause shown is necessary to ensure compliance with the requirements that service be made

within five days and that appellant have proof that service was made. However, where an appellant has timely served the notice of appeal and there is no dispute on this issue, none of the purposes of Rule 1005 are furthered by penalizing the appellant who fails to file with the prothonotary proof of service within five days after filing the notice of appeal. The failure to file the proof of service in this situation places no additional burdens on the appellee or the court and to bar this appellant from proceeding with his appeal furthers none of the reasons for Rule 1005's requirements. Therefore, in accordance with the dictates of Pa.R.C.P. 126 that the court "may disregard any error or defect of procedure which does not affect the substantial rights of the parties," we will not bar from proceeding with the appeal the appellant who has receipts establishing that the notices of appeal were timely served and who has not deliberately ignored the filing requirements of Rule 1005(B).[2]

## ORDER

On this June 28, 1979, it is hereby ordered that appellee's praecipe to strike appeal is quashed and appellants' appeal is hereby reinstated.

---

2. This ruling is not inconsistent with the City of Easton v. Marra, supra, and Cluck v. Geigley, supra, decisions because in those cases appellants were not served in accordance with the requirements of Rule 1005. While Voynik v. Davidson, supra, obviously cannot be distinguished, we disagree with this decision because the court did not distinguish between appellant who fails to serve the notices of appeal upon appellee or justice of the peace and appellant who merely fails to file timely proof that service was properly made.