## Berry v. Sheaffer

*Eric M. Noonan* and *Robert C. Saidis,* for plaintiff.

*Roger B. Irwin,* for defendants.

BAYLEY, *J.*, January 20, 1987—A civil judgment was entered in favor of plaintiff and against defendants by a district justice on May 8, 1986. On June 2, 1986, defendants filed a notice of appeal in this court in compliance with the 30 days for appeal allowed by Pa.R.C.P. D.J. 1002. On the same date the prothonotary entered a rule on plaintiff to file a complaint pursuant to Rule 1004(B).

Pursuant to Rule 1005(A), defendants served a copy of the notice of appeal on the district justice by certified mail which was received on June 4, 1986. Similarly, defendants served a copy of the notice of appeal and the rule to file a complaint on plaintiff's attorney by certified mail which was received on June 4, 1986. However, proof of service of these documents on the district justice and plaintiff's counsel was not filed until June 12, 1986, more than five days after filing of the notice of appeal. This violated rule 1005(B) which provides:

"The appellant shall file with the prothonotary proof of service of copies of his notice of appeal, and proof of service of a rule upon the appellee to file a complaint if required to request such a rule by Rule 1005(B) within five (5) days after filing the notice of appeal.

On June 11, 1986, pursuant to Rule 1006 the plaintiff, by praecipe, had the prothonotary strike the appeal. Rule 1006 provides:

"Upon failure of the appellant to comply with Rule 1004(A) or Rule 1005(B), the prothonotary shall upon praecipe of the appellee, mark the appeal stricken from the record. *The court of common pleas may reinstate the appeal upon good cause shown.* (Emphasis added.)

On June 12, 1986, defendants had a rule issued by this court to show cause why the appeal should not be reinstated. Defendants aver that, through

their attorney, they had an agreement with plaintiff's attorney whereby they would not attend the district justice hearing and would allow a judgment to be entered in favor of plaintiff. Plaintiff has answered the rule and admits this averment. Defendants further aver that their agreement was that if settlement could not be reached then an appeal would be filed. Plaintiff has admitted this averment in his answer. Defendants aver that plaintiff agreed to mutual cooperation in the filing and acceptance of service of an appeal if a settlement could not be reached. Plaintiff has admitted the averment "as to the filing of notice and service," but still maintains that even though counsel accepted service, the failure of defendants to file of record the requisite proof thereof within five days after the filing of the notice of appeal, warrants the striking of the appeal. The issue has been briefed and argued and is ready for disposition.

## DISCUSSION

Plaintiff cites this court's prior decision in Yana v. Montgomery et al., 28 Cumberland L.J. 64 (1978), and the cases of Boynik v. Davidson, 69 D.&C.2d 267 (1975) and Philadelphia v. Rohm & Haas Company Inc., 5 Pa. Commw. 287, 290 A.2d 428 (1972), for the proposition that an appeal may be reinstated only under exceptional circumstances amounting to fraud or its equivalent. Plaintiff suggests that no such fraud or its equivalent has been pleaded or shown by the record to be present in this case, and therefore defendants appeal should not be reinstated.

Defendants suggest that the applicable law on this subject has changed since the above cited cases were decided. Pennsylvania Rule of Civil Procedure 126 provides:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding in which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of any procedure which does not affect the substantial rights of the parties."

As set forth in Pomerantz v. Goldstein, 479 Pa. 175, 387 A.2d 1280 (1978), "[P]rocedural rules are not ends in themselves, but means whereby justice, as expressed in legal principles, is administered. They are not to be exalted to the status of substantive objectives." In Monroe Contract Corporation v. Harrison Square Inc., 266 Pa. Super. 549, 405 A.2d 954 (1979), a formal error in the verification of a petition was disregarded to advance the issue between the parties. The court noted:

"While we do not, of course, condone non-compliance with our procedural rules, a hypertechnical reading of each clause, and a blind insistence on precise, formal adherence, benefits neither the judicial system nor those utilizing that system."

It is apparent that the primary purpose of Pa.R.C.P. D.J. 1005(B) is to prevent parties from appealing from an adverse judgment of a district justice and then delaying the case by failing to timely notify the non-appealing party. Furthermore, failing to notify the district justice could result in unwarranted action to initiate execution on the judgment. Neither of these situations occurred in this case since the defendants' attorney not only filed a timely appeal, but served the appropriate documents on both the district justice and plaintiff's counsel by certified mail delivered two days after that timely appeal was filed. Furthermore, proof of service was subsequently filed with the Prothonotary on June 12, 1986.

In Hyde v. Krigler, 10 D.&C.3d 769 (1979), as in the present case, appellant timely filed an appeal from a district justice but did not timely file proof of service as required by Rule 1005(B). Noting, as in this case, that appellant had since filed proof of service, thus eliminating any dispute as to whether service was actually made, the court concluded:

"[W]here an appellant has timely served the notice of appeal and there is no dispute on this issue, none of the purposes of Rule 1005 are furthered by penalizing the appellant who fails to file with the Prothonotary proof of service within five (5) days after filing the notice of appeal."

The Hyde court refused to bar appellant from proceeding on the merits of this appeal.

The Court of Common Pleas of Mercer County has followed the same reasoning. In Seiple v. Pitterich, 35 D.&C.3d 592 (1984), the notice of proof of service was filed one day late. The court reinstated the appeal noting that Pomerantz v. Goldstein, supra, has liberalized and thus changed the prior holdings with regard to an analysis of the application of procedural rules. The court concluded:

"Pomerantz and its progeny, guided by Pa.R.C.P. 126 which permits courts to disregard procedures which do not affect substantial rights, counsel that necessities of procedure and pleading should never be used to deny ultimate justice."

Based upon the averments in the Rule issued by this court, and the answers filed by the plaintiff, and considering the purpose of Rule 1005(B), we concur that Pa.R.C.P. 126 and Pomerantz v. Goldstein, supra, have been properly applied to this type of fact situation in Seiple v. Pitterich, supra, and Hyde v. Krigler, supra. The cases cited by plaintiff are no longer applicable to the proper resolution of this is-

sue because we believe that justice would be denied in refusing to allow defendants to proceed on the merits of their case. Accordingly, we conclude that good cause has been shown pursuant to Rule 1006 to reinstate the appeal. As noted in Seiple, the "failure to file the proof of service of a notice of appeal is obviously not as vital to the appeal process as the filing of the notice itself." Therefore, the following order is entered.

## ORDER OF COURT

And now, this January 20, 1987, the rule entered on behalf of defendants and against plaintiff on June 12, 1986, is made absolute. Defendants' appeal is reinstated. Plaintiff shall file a complaint within 20 days of this date.