## Felker v. Seashock

*Elizabeth Bensinger Weekes,* for appellee.
*Paul Seashock,* for appellant.

MARSH, *P.J.*, December 30, 1987—There is before the court a petition to reinstate an appeal from a judgment of the district justice. This matter is now ready for decision.

## FACTS

A hearing before District Justice Marjorie J. Shumaker, resulted in a decision for the appellee. This decision was entered on June 5, 1987. Appellant then retained David W. Skutnik to appeal the matter to the court of common pleas. Counsel time-

ly filed the appeal with the prothonotary on June 29, 1987. However, he did not give notice of the appeal to the district justice or to the appellee until July 16, 1987. A praecipe to strike the appeal was filed July 20, 1987, by the appellee. Appellant then countered with a motion to stay execution and a petition to reinstate the appeal. On August 11, 1987, the writ of execution issued by District Justice Shumaker was stayed by order of court pending the outcome of the petition for reinstatement of the appeal.

## DISCUSSION

Pa.R.C.P.D.J. 1002, provides 30 days from the date of the judgment of a district justice to file a notice of appeal with the prothonotary. Rule 1004(B) also provides that a praecipe to enter a rule upon an appellee to file a complaint must be filed with the rule 1002 notice. Rule 1005(A) then requires that the rule be served on the appellee and the notice be served on both the district justice and the appellee. Appellant is then to file with the prothonotary the proof of service of these documents within five days of the initial filing. Pa.R.C.P.D.J. 1005(B).

Being counsel's first appeal from a district justice, he was unaware of the 1005(A) and 1005(B) requirements. Service and proof of service should have been accomplished no later than Monday, July 6, 1987. (The fifth day fell on Saturday, July 4, 1987. See Pa.R.C.P. 106.) Counsel did not serve the district justice or appellee until July 16, 1987, 17 days after the filing of the notice and the rule.

We note that there is no time limit set within which to serve the notice and the rule. Pa.R.C.P.D.J. 1005(B) just provides that proof of service must be filed within five days of the filing of the notice of appeal.

The rules are to be liberally construed and that any defect that does not affect the substantial rights of the parties is to be overlooked. Pa.R.C.P. 126; *Pomerantz v. Goldstein,* 479 Pa. 175, 387 A.2d 1280 (1978). Pa.R.C.P.D.J. 1006 allows for reinstatement by the court of common pleas upon a showing of good cause. Therefore, the five-day requirement is not a hard and fast rule, but a flexible one.

The matter then rests on whether counsel's inadvertent delay is a good cause. For this answer we will look to that line of cases addressing attorney delays that result in a non pros default judgment. Although the procedural aspects are different, the analysis of counsel's oversight and its effect on an innocent party proves enlightening.

The general rule is, "Where a party places his case in the hands of reputable counsel he will not be turned out of court if the delay complained of was almost entirely on account of neglect or oversight of his counsel. *Moore v. George Heebner, Inc.,* 321 Pa. Super. 226, 230, 467 A.2d 1336, 1338 (1983); *Manson v. First National Bank of Indiana,* 366 Pa. 211, 217-8, 77 A.2d 399, 402-3 (1951); *White v. Alston,* 231 Pa. Super. 438, 442, 331 A.2d 765, 7676 (1974). However, an attorney taking the blame for the delay does not act as a blanket excuse that waives procedural errors. Counsel for appellant must have a reasonable explanation for his oversight for the delay to be excused. *Dupree v. Lee,* 241 Pa. Super. 259, 266, 361 A.2d 331, 335 (1976).

We think counsel's forthrightness and honesty in admitting he was unaware of the procedure involved in an appeal from a district justice is a reasonable explanation.

We also take note of the rule announced in *Stout v. Universal Underwriters Insurance Company,* 491 Pa. 601, 605, 421 A.2d 1047, 1049 (1980),

which allows flexible application of the rules so long as there is substantial compliance and no prejudice.

Therefore, we enter the following

## ORDER

And now, this December 30, 1987, appellant Paul Seashock's petition to reinstate the appeal and stay execution is granted. This case will proceed in accordance with the Pennsylvania Rules of Civil Procedure and the Pennsylvania Rules of Conduct, Office Standards and Civil Procedure for District Justices.