J-A13044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| HARP LANDSCAPING & BRANDON COMINSKY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BENJAMIN O'LINCHY AND BRAQUEL O'LINCHY, | : | |
| | : | |
| Appellants | : | No. 1148 WDA 2015 |

Appeal from the Order July 9, 2015
in the Court of Common Pleas of Mercer County,
Civil Division at No(s): 2015-484

BEFORE: OLSON, STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED SEPTEMBER 21, 2016**

Benjamin O'Linchy and Braquel O'Linchy (collectively "the O'Linchys") appeal from the Order denying their Petition for Rule to Show Cause Why Appeal Should Not be Reinstated Pursuant to Pa.R.C.P.M.D.J. 1006. We affirm.

The trial court set forth the relevant underlying facts,[1] which we adopt for the purpose of this appeal. *See* Trial Court Opinion, 7/10/15, at 2-3.

Following a hearing, the trial court denied the O'Linchys' Petition. The O'Linchys filed a timely Notice of Appeal. On July 29, 2015, the trial court directed the O'Linchys to file a Pennsylvania Rule of Appellate Procedure 1925(b) concise statement within twenty-one days. The O'Linchys mailed

---

[1] Harp Landscaping and Brandon Cominsky (collectively "Harp") brought the action against the O'Linchys for failing to pay for tree removal services. The magisterial district judge awarded Harp $4,000.00 in damages.

the Concise Statement, through the United States Postal Service, on August 17, 2015, but the Concise Statement was not docketed until August 21, 2015.

Harp filed a Motion to Quash Appeal, arguing that the O'Linchys filed an untimely Concise Statement. This Court granted the Motion. The O'Linchys filed an Application for Reconsideration of Order. This Court granted the Application for Reconsideration, reinstated the appeal, and deferred the Motion to Quash to this panel.

On appeal, the O'Linchys raise the following questions for our review:

1. Whether the Superior Court [a]ppeal should be quashed when [the O'Linchys'] statement of matters complained of pursuant to Pa.R.A.P. 1925(b) was filed of record by mail[,] as provided in Pa.R.A.P. 121(a)[,] and was complete on mailing when [the O'Linchys] obtained United States Postal Service Form 3800, Certified Mail Receipt, and United States Postal Service Form 3811, Domestic Return Receipt, United States Postal Service forms similar to United States Postal Service Form 3817, Certificate of Mailing, from which the date of deposit can be verified?

2. Whether the trial court erred and abused its discretion in failing to find good cause shown and reinstating an appeal from a Magisterial District Court[,] pursuant to Pa.R.C.P.[M.]D.J. No. 1006[,] when the requirement for filing proof of service of a notice of appeal is not a hard and fast rule, because good cause is not defined in the rules, is relative and [a] highly abstract term, and depends upon circumstances of an individual case; [the O'Linchys] placed their case in the hands of reputable counsel, and should not be turned out of [c]ourt for a delay that was almost entirely on account of counsel, and/or procedural and clerical errors in the [c]ourt system when [c]ounsel has a reasonable explanation for his oversight for the delay to be excused; and, under Pa.R.A.P. 126[,] there has been substantial compliance and no prejudice wherein the failure to file an affidavit of

service of process within the prescribed time should be overlooked, because the other side had in fact received the required notice?

Brief for Appellants at 2-3 (issues re-numbered for ease of disposition).

In their first claim, the O'Linchys contend that their appeal should not be quashed for failing to file a timely Rule 1925(b) Concise Statement. *Id*. at 18.[2] The O'Linchys argue that they filed the Concise Statement when they mailed it on August 17, 2015. *Id*. at 20-21. The O'Linchys point out that they have copies of United States Postal Service forms that demonstrate their timely mailing of the Concise Statement. *Id*. at 18-19, 20-21. The O'Linchys assert that under Rule 1925(b)(1), their Concise Statement is timely, and the merits of the appeal must be considered. *Id*. at 21.

It is well-settled that "[a]ppellants must comply whenever the trial court orders them to file a Statement of [Errors] Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived." ***Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 223 (Pa. Super. 2014) (*en banc*) (citation omitted). Rule 1925(b) states the following, in relevant part:

> **(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.**--If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to

---

[2] As noted above, Harp filed a Motion to Quash Appeal for failing to file a timely Concise Statement.

file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

> (1) *Filing and service.*--Appellant shall file of record the Statement and concurrently shall serve the judge. Filing of record and service on the judge shall be in person or by mail as provided in Pa.R.A.P. 121(a) and shall be complete on mailing if appellant obtains a United States Postal Service Form 3817, Certificate of Mailing, **or other similar United States Postal Service form from which the date of deposit can be verified** in compliance with the requirements set forth in Pa.R.A.P. 1112(c). Service on parties shall be concurrent with filing and shall be by any means of service specified under Pa.R.A.P. 121(c).
>
> (2) *Time for filing and service.*--The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. …
>
> (3) *Contents of order.*--The judge's order directing the filing and service of a Statement shall specify:
>
> > (i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;
> > (ii) that the Statement shall be filed of record;
> > (iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1);
> > (iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Pa.R.A.P. 1925(b) (emphasis added).

"[I]n determining whether an appellant has waived his issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation[;] ... therefore, we look first to the language of that order." **Greater Erie Indus.**, 88 A.3d at 225 (citation omitted).

Here, on July 29, 2015, the trial court issued the following Order:

> Pursuant to Rule of Appellate Procedure 1925(b)(2), [the O'Linchys] must file a "Statement of Errors Complained Of" on appeal within 21 days of the date of this Order. This statement shall be filed of record and served pursuant to [Pa.]R.A.P. 1925(b)(1). Any issue not properly included in the statement timely filed and served pursuant to [Pa.]R.A.P. 1925(b) shall be deemed waived.

Order, 7/29/15. According to the Order and docket, the parties received notice of the Order on July 29, 2015.

The trial court's Order complied with the dictates of Rule 1925(b). *See* Pa.R.A.P. 1925(b)(3). Further, the parties received proper notice of the Order. *See Greater Erie Indus.*, 88 A.3d at 226 (stating that "a failure by the prothonotary to give written notice of the entry of a court order and to note on the docket that notice was given will prevent waiver for timeliness pursuant to Pa.R.A.P. 1925(b).") (internal quotation marks omitted). Thus, the O'Linchys had until August 19, 2015, to file a timely concise statement. *See* Pa.R.A.P. 1925(b)(2) (stating that a concise statement must be filed "21 days from the date of the order's entry on the docket for the filing and service of the Statement."); Pa.R.C.P. 106(a) (stating that "[w]hen any period of time is referred to in any rule, such period in all cases ... shall be so computed as to exclude the first and include the last day of such period.").

Here, the O'Linchys submitted Postal Service Forms 3800 (Certified Mail) and 3811 (Domestic Return Receipt), which indicate that they sent the

Concise Statement to the Prothonotary, the trial court judge, and counsel for Harp. While the date of mailing is not specified on either form, the O'Linchys provided tracking information of Forms 3800 and 3811, which confirm the mailing date as August 17, 2015.[3] Thus, because the date of the mailing of the O'Linchys' Concise Statement can be verified, we will deem the filing timely and deny the Motion to Quash. **See** Pa.R.A.P. 1925(b)(1) (stating that "[f]iling of record and service on the judge shall be in person or by mail … and shall be complete on mailing if appellant obtains a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified."); Pa.R.A.P. 1925, cmt. (stating that "[t]he date of mailing will be considered the date of filing and of service upon the judge only if counsel obtains a United States Postal Service form from which the date of mailing can be verified[.]").

In their second claim, the O'Linchys contend that the trial court abused its discretion in failing to reinstate the appeal from the magisterial district court under Pa.R.C.P.M.D.J. 1006. Brief for Appellants at 6. The O'Linchys argue that they provided good cause to show that the timely-filed appeal should have been reinstated. **Id**. at 6, 11; **see also id**. at 14-15. The O'Linchys assert that their counsel was unable to file the service of the

---

[3] We also note that the Prothonotary's date of receipt of the Concise Statement, as stated in Form 3811, matches the date of the filing of the Concise Statement in the docket.

appeal on February 23, 2015, based upon a procedural and/or clerical error that required counsel's presence at oral argument, in an unrelated criminal case, on February 25, 2015. *Id*. at 10-11. The O'Linchys claim that counsel was forced to spend February 23, 2015, attempting to remove himself from the criminal case and was thus unable to file the service of appeal. *Id*. at 11. The O'Linchys argue that they should not be put out of court for a delay caused by counsel. *Id*. at 11-12, 14. The O'Linchys further point out that Harp received the Notice of Appeal and suffered no prejudice as a result of the delay in service of the Notice. *Id*. at 12-13, 14, 15. The O'Linchys claim that because the appeal was timely filed, the late service of the appeal did not undermine the intent of Rules of Civil Procedure Governing Actions and Proceedings Before Magisterial District Judges. *Id*. at 14-15. The O'Linchys also assert that the cases relied upon by the trial court are inapposite to the case at bar. *Id*. at 15-17.

Here, the trial court set forth the relevant law, addressed the O'Linchys' claims and determined that they are without merit. *See* Trial Court Opinion, 7/10/15, at 4-9. Further, the O'Linchys' attempt to distinguish the case at bar from the cases cited by the trial court is without merit. Thus, we adopt the sound reasoning and conclusion of the trial court, and affirm on this basis. *See id*.

Motion to Quash denied. Order affirmed.

J-A13044-16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/21/2016

FILED IN MERCER
COUNTY

2015 JUL 10 AM 9: 03

RUTH A. BICE
PROTHONOTARY

IN THE COURT OF COMMON PLEAS OF MERCER COUNTY, PENNSYLVANIA

CIVIL DIVISION

BRANDON COMINSKY and HARP
LANDSCAPING,

      Plaintiffs,

          vs.

BENJAMIN O'LINCHY and BRAQUEL
O'LINCHY, husband and wife,

      Defendants.

No. 2015-484

**APPEARANCES**

Plaintiffs:

Dustin Cole, Esq.
Cole Law, LLC
689 North Hermitage Road, Suite 8
Hermitage, PA 16148
(724) 981-1962

Defendants:

Ryan A. Mergl, Esq.
31 Vine Ave
Sharon, PA 16146
(724) 977-0500

1

# OPINION

**Wallace, J.**

Presently before the Court is Defendants Benjamin O'Linchy's and Braquel O'Linchy's Rule to Show Cause Why Appeal Should Not Be Reinstated Pursuant to Pa.R.C.P.M.D.J. No. 1006.

## Facts

On December 11, 2014, Plaintiffs filed a civil Complaint against Defendants in the office of Magisterial District Judge Dennis M. Songer (MDJ Songer). Defendants made no response to the Complaint and failed to appear at the hearing on January 15, 2015. MDJ Songer entered a default judgment against Defendants that same day at MJ-35201-CV-0000167-2014.

On February 10, 2015, Counsel for Defendants alleges that he verbally notified Counsel for Plaintiffs that an appeal would be filed. Counsel for Defendants then filed a timely notice of appeal on February 12, 2015. Counsel for Defendants also alleges that he verbally notified Counsel for Plaintiffs on February 18, 2015 that the appeal had been filed. However, Counsel for Plaintiffs denies receiving verbal notice on this date. Rather, Counsel for Plaintiffs avers that the only discussion concerning filing the appeal occurred on February 10, 2015.

Due to February 22, 2015 falling on a Sunday, February 23, 2015 became the date by which Defendants needed to file their proofs of service of copies of their notice of appeal with the Prothonotary under Pa.R.C.P.M.D.J. 1005. However, Defendants did not serve a copy of the notice of appeal on Plaintiffs and MDJ Songer until February 24, 2015. Defendants aver that their records indicate that they filed their proof of service with the

2

Prothonotary on February 25, 2015; however, the docket does not reflect this filing, and Defendants allege that no copy is available. According to Defendants, Plaintiffs received a copy of the notice of appeal on February 25, 2015; however, Plaintiffs aver that they received the notice of appeal on February 26, 2015. There is no date of delivery written on the proof of service sent to Counsel for Plaintiffs to clarify when it was received. MDJ Songer received a copy of the notice of appeal on February 26, 2015. After receiving a copy of the notice of appeal, Plaintiffs filed a Praecipe to Strike Appeal on February 26, 2015, which Defendants received on March 2, 2015. On March 3, 2015, Defendants filed the last remaining carbon copy of the proof of service. Defendants also later filed copies of the Certified Mail Receipts evidencing service on March 4, 2015.

Plaintiffs allege that they received no type of notice concerning the appeal from January 15, 2015 through February 25, 2015. According to Plaintiffs, Counsel for Plaintiffs contacted MDJ Songer's office on February 25, 2015 to ascertain whether his office received a copy of the notice of appeal. At that time, Plaintiffs' Counsel was advised that the office had not received any notice of appeal. Plaintiffs then received a certified copy of the judgment on February 25, 2015, and the judgment was transferred and entered with this Court. Interrogatories in Aid of Execution were served on Defendants on February 25, 2015. Counsel for Plaintiffs alleges that he then later received a copy of Defendants' notice of appeal on February 26, 2015. Therefore, Plaintiffs filed a Praecipe to Strike Appeal on February 26, 2015. In response, Defendants filed a Petition for Rule to Show Cause Why Appeal Should Not Be Reinstated Pursuant to Pa.R.C.P.M.D.J. No. 1006 on March 4, 2015. Plaintiffs filed their Answer and New Matter on March 11, 2015, and oral argument was held before this Court on April 6, 2015.

3

## Standard of Review

The procedures for appealing a judgment from a district justice are set forth in Pa.R.C.P.M.D.J. 1002 through 1006. Under Rule 1002, an aggrieved party has 30 days after the date of the entry of judgment to appeal from that judgment. Pa.R.C.P.M.D.J. 1002(A). A party seeking to appeal a judgment from a district justice "shall by personal service or by certified or registered mail serve a copy of his notice of appeal upon the appellee and upon the magisterial district judge in whose office the judgment was rendered." Pa.R.C.P.M.D.J. 1005(A). Additionally, in cases such as this one, the appellant must likewise serve a rule to file a complaint upon the appellee. *See* Pa.R.C.P.M.D.J. 1004(B) and 1005(A). Rule 1005(B) also requires the appellant to "file with the prothonotary proof of service of copies of his notice of appeal, and proof of service of a rule upon the appellee to file a complaint . . . within ten (10) days after filing the notice of appeal." Pa.R.C.P.M.D.J. 1005(B). Finally, if the appealing party fails to comply with these proof of service requirements, Rule 1006 authorizes the Prothonotary to strike the appeal upon praecipe of the appellee. Pa.R.C.P.M.D.J. 1006. However, "[t]he court of common pleas may reinstate the appeal upon good cause shown." *Id.*

## Law and Discussion

Rule 1006 does not define what constitutes "good cause shown." However, the Superior Court "has interpreted it to require an appealing party to proffer some legally sufficient reason for reinstating the appeal." *Slaughter v. Allied Heating*, 636 A.2d 1121, 1123 (Pa.Super. 1993) (citing *Anderson v. Centennial Homes, Inc.*, 594 A.2d 737, 739 (Pa.Super. 1991)). Furthermore, simply stating that the noncompliance did not substantially affect the rights of the appellee is not alone sufficient to demonstrate good

4

cause to reinstate an appeal. *Anderson v. Centennial Homes, Inc.*, 594 A.2d 737, 740 (Pa.Super. 1991). The trial court has sound discretion to determine when good cause has been shown, and Rule 1006 is intended to provide sanctions for failing to act within the prescribed time limits. *Id.* at 739 (citing Pa.R.C.P.D.J. 1006, note)).

In the past, a strict interpretation of the Rules of Civil Procedure was favored; however, the modern trend favors a more liberal interpretation of the rules. To justify leniency when there has been a violation of the Rules of Civil Procedure, the Courts rely on Pa.R.C.P. 126. According to this rule, "[t]he rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." Pa.R.C.P. 126. However, while Rule 126 allows this Court to ignore procedural noncompliance, it is not required to do so. *See Anderson v. Centennial Homes, Inc.*, 594 A.2d 737, 739 (Pa.Super. 1991).

Despite the clear ten day timeline given in Rule 1005(B) for filing a proof service, there are several cases where the Court has forgiven a slight delay in filing the proof of service where good cause has been shown. This is especially true when the appellee and the district justice receive timely notice of the appeal. *See, e.g., Quarato v. Facelifters, Ltd.*, 451 A.2d 777 (Pa.Super. 1982) (noncompliance with Rule 1005(B) disregarded because appellees did receive notice of the appeal and rule to file a complaint); *Berry v. Sheaffer*, 42 Pa. D. & C.3d 480 (Pa.Com.Pl. 1987) (appeal reinstated despite the fact that the proof of service was filed late where appellee and district justice were timely served, and good cause was shown); *Katsantonis v. Freels*, 419 A.2d 778 (Pa.Super. 1980) (proof

5

of service being filed one day late was disregarded where notice of appeal was timely served, and good cause was shown); *Seiple v. Pitterich*, 35 Pa. D. & C.3d 592 (Pa.Com.Pl. 1984) ("when an appellant has timely served the notice of appeal and there is no dispute on the issue, none of the purposes underlying Rule 1005 are served by penalizing the appellant who fails to file the proof of service within five days after filing the notice of appeal."); *Hyde v. Crigler*, 10 Pa. D. & C.3d 769 (Pa.Com.Pl. 1979) (the purposes behind Rule 1005 are not served by striking the appeal for failure to file proof of service within five days when the notice of appeal was timely served, and there is no dispute concerning the service); *Beck v. Weitzenhoffer*, 49 Pa. D. & C.3d 112 (Pa.Com.Pl. 1988) (failure to timely file proof of service disregarded where appellee had actual notice of the appeal). *See also, Felker v. Seashock*, 47 Pa. D. & C.3d 126 Pa.Com.Pl. 1987) (appeal reinstated even though notice of appeal was not timely served on the district justice and the appellee, but good cause was shown where it was attorney's first time filing an appeal and attorney lacked familiarity with Rule 1005).

However, this Court finds these cases to be factually distinguishable from the case at hand when considering the purposes behind Rule 1005. In *Slaughter v. Allied Heating*, 636 A.2d 1121 (Pa.Super. 1993), the Superior Court noted that Rule 1005(B) is meant to "prevent parties from appealing from an adverse judgment of a district justice and then delaying the case by failing to timely notify the non-appealing party." *Id.* at 1124 (citing *Berry v. Sheaffer*, 42 Pa. D. & C.3d 480, 483 (Pa.Com.Pl. 1987). Furthermore,

> The rule also ensures that the district justice will be notified as the notice of appeal may act as a supersedeas, and thus, may affect the prevailing party's attempt to execute on the judgment. The requirements of Rule 1005 further promote the speedy, orderly and just determination of the appeal and eliminate any dispute as to whether service was actually made. Where the notice of appeal is timely filed and served upon the non-appealing party and

6

> the district justice, the intent underlying the rule has been fulfilled and no further purpose remains to be served by penalizing the appealing party for failing to timely file the proofs of service.

*Id.* (citations omitted). Thus, "the mere failure to file the proofs of service in a timely manner will be disregarded where it is clear that the opposing party has received notice of the appeal and that the purpose of the rules has been satisfied." *Id.*

The purpose behind Rule 1005 has not been satisfied in this case. Not only did Defendants fail to timely file their proofs of service, Defendants also did not timely serve the notice of appeal on Plaintiffs or the district justice. As Judge Wettick observed in *Hyde v. Crigler*, 10 Pa. D. & C.3d 769 (Pa.Com.Pl. 1979), the timeframe for service is covered by Rule 1005(B), which requires that the proof of service of the notice of appeal and rule to file a complaint be filed with the Prothonotary within 10 days. "These requirements of Rule 1005(B) accomplish two purposes: they require that service be made within [ten] days after the filing of the notice of appeal and that proof of service be filed to eliminate any dispute as to whether service was actually made."[1] *Id.* at 773. *See also Wander v. Nat'l Dev. Corp.*, 12 Pa. D. & C.4th 627, 630 (Pa.Com.Pl. 1991) aff'd sub nom. *Wander v. Nat'l Dev.*, 612 A.2d 540 (Pa.Super. 1992) (the timeframe laid down by Rule 1005(B) is needed so that the appeal process may work as intended). As a result of Defendants' untimely service of the notice of appeal, Plaintiffs contacted the district justice and obtained a certified copy of the judgment, and said judgment was entered with this Court before the notice of the appeal was received by Plaintiffs or the district justice. Defendants' late service has impeded Plaintiffs' ability to execute their favorable

---

[1] In *Hyde v. Crigler*, 10 Pa. D. & C.3d 769 (Pa.Com.Pl. 1979), Judge Wettick referred to the previous version of Pa.R.C.P.M.D.J. 1005(B), which had a five day timeframe for filing the proof of service.

7

judgment. This is the very situation the ten day requirement in Rule 1005(B) is meant to prevent.

Furthermore, this Court finds that Defendants have not established good cause under Rule 1006 to reinstate the appeal. The reason proffered by Defendants for the late filing of the proof of service was that Counsel for Defendants was put on notice by the Office of the District Attorney of Mercer County on February 23, 2015 that there was an error between the Court of Common Pleas of Mercer County and the Prothonotary of the Superior Court, wherein Counsel for Defendants was still listed as Counsel of Record for Case No. 1176 WDA 2014, *Commonwealth of Pennsylvania v. Machicote*, despite being removed from the case and the case being reassigned to alternate counsel in October of 2014. The Superior Court was requiring Counsel for Defendants to appear at oral argument on behalf of Machicote on February 25, 2015. This caused a conflict for Counsel for Defendants because he is employed by the District Attorney of Mercer County—the agency prosecuting the case on behalf of the Commonwealth. Counsel for Defendants alleges that he was unable to file the paperwork on time because he had to spend February 23, 2015 trying to ascertain the error and have himself removed from the case. As a result of the time spent resolving this situation, Counsel for Defendants was unable to file the proof of service by the end of the business day on February 23, 2015.

While Counsel for Defendants has provided a reason for not filing the proof of service on the final day allowable under Rule 1005(B), he has provided no explanation as to why he did not file the proof of service on any of the previous days within the ten day time period. Defendants also offer no reason whatsoever as to why they did not try to



8

effectuate service within the ten day time period. No attempt to comply with Rule 1005(B) was made until after the ten day time period had expired.

Finally, this Court notes that "Rule 126 is available to a party who makes a substantial attempt to conform, and not to a party who disregards the terms of a rule in their entirety . . ." *Womer v. Hilliker*, 908 A.2d 269 (Pa. 2006). Defendants chose not to appear before the district magistrate apparently under the assumption that they would appeal the default judgment. Defendants certainly have the right to appeal to this Court; however, they must exercise this right within the confines of the Rules of Civil Procedure. By choosing this method to get their case to this Court, Defendants assumed the burden of service and the risks of improper service. *See, e.g., Hanni v. Penn Warranty Corp.*, 658 A.2d 1349, 1351 (Pa.Super. 1995). Because Defendants had a responsibility to file their appeal pursuant to the mandates of Rule 1005(B), and they failed to do so without showing good cause as to why, their appeal will not be reinstated.

**HENCE THIS ORDER:**